In the Matter of MARY DZIERZYNSKI, Petitioner, v. STATE HUMAN RIGHTS APPEAL BOARD, Respondent.— Proceeding pursuant to section 298 of the Executive Law to review an order of the State Human Rights Appeal Board, dated June 30, 1972, which affirmed an order of the State Division of Human Rights, dated September 22, 1971, which, inter alia, found petitioner guilty of discriminating in the rental of available housing accommodations on the basis of color. Application of petitioner granted to the extent that the order of the State Human Rights Appeal Board is modified, on the law, by striking from its decretal paragraph the words "in all respects" and adding thereto, immediately after the provision that the order of the division is affirmed, the following: "except that the following are stricken from the second decretal paragraph of the order of the State Division of Human Rights: subdivision (d) and the passage 'and designee, Operation Open City, 1059 Nostrand Avenue, Brooklyn, New York 11217' in subdivision (c)." As so modified, the order of the State Human Rights Appeal Board is confirmed, without costs (Kaval Constr. Corp. v. State Div. of Human Rights, 39 A D 2d 347, 351). Martuscello, Acting P. J., Shapiro, Gulotta, Christ and Benjamin, JJ., concur.

In the Matter of PETER GLYKOS et al., Appellants, v. SECURITY INSURANCE COMPANY OF HARTFORD, Respondent. — In a proceeding under article 75 of the CPLR to confirm an arbitration award made under an uninsured automobile indorsement on a liability insurance policy, the appeal is from an order of the Supreme Court, Nassau County, dated May 4, 1971, which (1) denied the application and (2) granted respondent's cross motion to vacate or modify the award to the extent of remanding the matter to the arbitrator for the purpose of ascertaining and stating the amount of workmen's compensation benefits to be credited against the award to each petitioner. Order affirmed, without costs. No opinion. Munder, Latham, Gulotta and Benjamin, JJ., concur; Hopkins, Acting P. J., concurs in result, under constraint of Matter of Durrant (MVAIC) (15 N Y 2d 408) and Matter of Napolitano (MVAIC) (21 N Y 2d 281).

In the Matter of MORRIS JACKSON. EDNA ETZEL, Respondent; ANNIE M. JACKSON, Appellant. — Appeal from order of the Family Court, Rockland County, entered June 27, 1972, dismissed, without costs, as moot. Appellant did not brief the appeal from this order. The issue herein was considered in arriving at our determination in People ex rel. Jackson v. Overcash (41 A D 2d 704). Shapiro, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.

In the Matter of WILBERT JACKSON, Petitioner, v. NEW YORK CITY TRANSIT AUTHORITY, Respondent. — Proceeding pursuant to article 78 of the CPLR to review respondent's determination, dated October 8, 1971 and made after a hearing, dismissing petitioner from his position of lieutenant in respondent's police department. Determination confirmed and proceeding dismissed on the merits, without costs. No opinion. Latham, Christ and Brennan, JJ., concur; Shapiro, J., dissents and votes to annul the determination in consonance with the views expressed by him in Matter of Greenwald v. Frank (40 A D 2d 717), in which Martuscello, Acting P. J., concurs.