Memorandum. The order of the Appellate Division should be reversed and the petition dismissed.
Assuming, without deciding, that the petition should not be dismissed for petitioner’s failure to exhaust her administrative remedies, we conclude that the denial of her application for allowance for baby-sitting fees was not arbitrary or capricious. Petitioner went on the welfare rolls half way through her four-year college career when she had a daughter and became eligible for benefits under the Aid to Families with Dependent Children program. She is now in full-time attendance in the last two years of a program leading to a teaching degree. A regulation of the State Department of Social Services authorized allowances for baby-sitting services for a recipient "in a two-year college program with specific vocational objective”. (18 NYCRR 352.7 [e] [1]; 369.10 [b].) Petitioner does not fall within the scope of that regulation. When a line of demarcation is to be drawn among college students entitled to babysitting allowances, we cannot fault the department for drawing it to include students in two-year vocational programs and to exclude students in four-year undergraduate, or graduate programs.
Notwithstanding a general statutorily stated objective that wherever possible social services officials shall administer public assistance so as to "restore [recipients] to a condition of self-support” (Social Services Law, § 131, subd 1), petitioner *64 points to no statute or regulation which entitles her to the allowance which she seeks. In this circumstance the determination denying her application was not arbitrary or capricious.
We have examined petitioner’s other contentions and find them to be without merit.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order reversed, without costs, and the petition dismissed in a memorandum.