■ Frederick L. Dake et al., Appellants, v James D. Bowen, as Sheriff of the County of Saratoga, et al., Respondents.—Levine, J. Appeal from an order of the Supreme Court (Ford, J.), entered December 10, 1986 in Saratoga County, which, inter alia, granted defendants' cross motion for summary judgment dismissing the complaint.

Plaintiffs are Deputy Sheriffs, a correction officer and an investigator in the Saratoga County Sheriff's Department. In this declaratory judgment action, they challenge the constitutional validity of regulations promulgated by defendant James D. Bowen, the Sheriff of Saratoga County. The regulations prohibit such officers from, inter alia, wearing moustaches and engaging in outside employment in security-related jobs. The complaint alleges that the foregoing rules violate the officers' liberty interests, as guaranteed by the US Constitution 14th Amendment in choice of personal appearance, right of freedom of personal expression and freedom of choice. Plaintiffs

appeal from Supreme Court's order granting defendants' cross motion for summary judgment dismissing their suit.

The ban on wearing moustaches was part of a grooming regulation also prohibiting the wearing of beards or other facial hair and restricting hair length. Grooming regulations adopted for members of law enforcement agencies have been upheld over similar challenges, both by the courts of this State and the United States Supreme Court *(see, Kelley v Johnson,* 425 US 238; *Matter of Greenwald v Frank,* 40 AD2d 717, *affd without opn* 32 NY2d 862; *see also, Matter of Jackson v New York City Tr. Auth.,* 41 AD2d 646, *affd without opn* 33 NY2d 958, *cert denied* 419 US 831). In *Matter of Greenwald v Frank (supra),* it was held that a regulation totally barring the wearing of beards (as does the instant regulation) and restricting the length of sideburns, hair and mustaches was valid. The court held that the adoption of such a regulation, for the stated purpose of furthering neatness and discipline in a police force, did not raise any constitutional question. In *Kelley v Johnson (supra),* the United States Supreme Court's majority assumed, without deciding, that a member of a law enforcement agency has a constitutionally protected liberty interest in his personal appearance. However, the court applied a standard of review which gave deference to local governmental choices or the mode of organization, dress and equipment of law enforcement personnel, made in the exercise of the State's police power, and imposed the burden on the challenger to demonstrate that a regulation so adopted is arbitrary or irrational *(supra,* at 247-248). The reasonableness of the regulation was upheld as furthering legitimate law enforcement objectives of recognizability, discipline, esprit de corps and uniformity *(supra,* at 248; *cf., Goldman v Weinberger,* 475 US 503).

Defendants have advanced a similar rationale for the rule imposed here. The only distinguishable feature between the grooming regulation under review here and those in *Kelley* and *Greenwald* is that, rather than barring moustaches (as well as beards) altogether, the latter two cases restricted moustaches to those " 'short and neatly trimmed' ", not to " 'extend over the top of the upper lip or beyond the corners of the mouth' " *(Kelley v Johnson, supra,* at 239, n 1; *Matter of Greenwald v Frank, supra,* at 718). In our view, this distinction is without constitutional significance. The regulation in this case is only marginally more restrictive of choice of personal appearance than the police agency grooming regulations already upheld. The restriction against moustaches

remains reasonably related to the valid objective of promoting recognizability, discipline, esprit de corps and uniformity. Moreover, a blanket prohibition against the wearing of moustaches is a more readily enforceable, less subjective standard for attaining those goals than a grooming regulation only permitting moustaches "short and neatly trimmed". Accordingly, plaintiffs have failed to sustain their burden of establishing that the regulation is arbitrary or irrational *(see, Kelley v Johnson, supra).*

As to the regulation prohibiting outside, security-related employment, since a total ban on outside employment by police officers has been upheld as furthering legitimate law enforcement and public safety objectives *(see, Flood v Kennedy,* 12 NY2d 345, 348), it would again follow that the instant, less restrictive regulation does not raise any constitutional question. Defendants have also demonstrated a rational basis for imposing it, in order to avoid potential conflicts of interest and to minimize the risk of claims of liability for off-duty conduct of members of the Department.

In view of the fact that this action seeks declaratory relief, Supreme Court's order must be modified to grant a declaration in defendants' favor.

Order modified, on the law, without costs, by reversing so much thereof as dismissed the complaint; it is declared that the regulations promulgated by defendant Sheriff of Saratoga County at issue herein have not been shown to be unconstitutional or invalid; and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.