322

EMPIRE STATE ASSOCIATION OF ADULT HOMES, INC., et al., Respondents, v CESAR A. PERALES, as Commissioner of the New York State Department of Social Services, et al., Appellants.

Third Department, December 22, 1988

*Robert Abrams, Attorney-General (Clifford A. Royael* of counsel), for appellants.

*Walter & Peck (Alan L. Peck* of counsel), for respondents.

## OPINION OF THE COURT

MERCURE, J.

Plaintiff Empire State Association of Adult Homes, Inc. is a trade association of owners and operators of adult care facilities which provide residential care and services to adults who are unable or substantially unable to live independently (Social Services Law § 2 [21]). The individual plaintiffs each own and operate an adult care facility. Plaintiffs commenced this action, *inter alia,* for a declaration that 18 NYCRR 487.11 *(l)* (14) (viii) and (ix), a regulation of the Department of Social Services (hereinafter DSS) enacted in September 1984, is unconstitutional on its face and as applied to them. The regulation, fixing spatial requirements for single and double bedrooms in adult care facilities licensed and certified by DSS, by its operation provides for three classes of facility: (1) facilities certified after September 22, 1978, where single bedrooms must have a minimum floor area of 100 square feet and double bedrooms must have a minimum floor area of 160 square feet (18 NYCRR 487.11 *[l]* [14] [vi], [vii]), (2) facilities in use and approved before September 22, 1978 having single bedrooms with a minimum floor area of 85 square feet or double bedrooms with a minimum floor area of 70 square feet per resident, which bedrooms may continue to be used (18 NYCRR 487.11 *[l]* [14] [viii] [a]; [ix] [a]), and (3) facilities in use and approved before September 22, 1978 with single bedrooms having a floor area of less than 85 square feet or double bedrooms having a floor area of less than 70 square feet per resident, which bedrooms may continue to be used only until a change of operator occurs (18 NYCRR 487.11 *[l]* [14] [viii] [b]; [ix] [b]). Supreme Court granted summary judgment in favor of plaintiffs declaring the regulation unconstitutional, arbitrary and capricious because of the disparate treatment of the different classes of facilities. Defendants appeal.

■ We reverse. Plaintiffs have failed to meet their burden of establishing that "the regulation 'is so lacking in reason for its promulgation that it is essentially arbitrary' " *(Ostrer v Schenck,* 41 NY2d 782, 786, quoting *Matter of Marburg v Cole,* 286 NY 202, 212; *see, Dake v Bowen,* 134 AD2d 684, 686). Because there is no suspect class or fundamental right involved here, the regulation will be upheld on equal protection grounds if it is rationally related to the achievement of a legitimate State objective *(Trump v Chu,* 65 NY2d 20, 25, *appeal dismissed* 474 US 915). Under due process analysis, the provision will withstand the constitutional attack if it is "reasonable in relation to its subject and adopted in the interests of the community" *(Treyball v Clark,* 65 NY2d 589, 590).

The regulation has a rational relation to a legitimate State objective, to promote the health and welfare of residents in adult homes by increasing the minimum size of their rooms *(see, Matter of Engelsher v Jacobs,* 5 NY2d 370, 375, *cert denied* 360 US 902). To accomplish this, and acting pursuant to authority found in Social Services Law § 20 (3) (d) and § 34 (3) (f) and Social Services Law article 7, respondent Commissioner of Social Services promulgated a regulation which provides for a phasing out of substandard rooms with the least possible hardship to the operators of adult homes. The result is an effective and orderly, yet minimally disruptive, upgrading to the higher standard *(see, Matter of Engelsher v Jacobs, supra).*

■ ■ The reasonableness of the regulation is not diminished by the fact that substantially substandard facilities will have to be upgraded at the time of change of operator, likely resulting in a decrease in the market value of these facilities.* "It is clearly settled that 'in no case does the owner of property acquire immunity against the exercise of the police power because he constructed it in full compliance with existing laws' " *(Matter of Engelsher v Jacobs, supra,* at 375, quoting *Queenside Hills Co. v Saxl,* 328 US 80, 83). The determination to permit preexisting single rooms of at least 85 square feet and double rooms of at least 70 square feet per resident but to phase out smaller rooms will cause financial burden only to those whose facilities are substantially sub-

* [2] Because of the likelihood of present diminution in value of affected facilities, we reject defendants' urging that plaintiffs seek an advisory opinion; plaintiffs' claim, in our view, does present a justiciable issue *(cf., Cuomo v Long Is. Light. Co.,* 71 NY2d 349, 354).

standard. Further, the Equal Protection Clause does not prevent a State from drawing lines that treat one class of individuals or entities differently from others unless the difference is palpably arbitrary or amounts to an invidious discrimination *(see, Trump v Chu, supra)*. "If the classification has some 'reasonable basis,' it does not offend the Constitution simply because the classification 'is not made with mathematical nicety or because in practice it results in some inequality' " *(Dandridge v Williams,* 397 US 471, 485, quoting *Lindsley v Natural Carbonic Gas Co.,* 220 US 61, 78). Accordingly, Supreme Court erred in its determination declaring the regulation unconstitutional, arbitrary and capricious.

CASEY, J. P., MIKOLL, YESAWICH, JR., and LEVINE, JJ., concur.

Order reversed, on the law, without costs, motion granted and it is declared that 18 NYCRR 487.11 *(l)* (14) (viii) and (ix) has not been shown to be unconstitutional or invalid.