■ In the Matter of SILVER LAKE NURSING HOME, Appellant, v DAVID AXELROD, as Commissioner of Health of the State of New York, et al., Respondents.—Mercure, J. Appeals (1) from a judgment of the Supreme Court (Travers, J.), entered June 29, 1988 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Health denying petitioner's request for an adjustment of its Medicaid reimbursement rates for 1983, 1984 and 1985, and (2) from an order of said court, entered February 14, 1989 in Albany County, which denied petitioner's motion to renew.

Petitioner is a licensed skilled nursing facility and provider of Medicaid services. In December 1984, petitioner filed a rate appeal with respondent Commissioner of Health (hereinafter respondent) requesting, *inter alia,* a revision of its Medicaid reimbursement rates for the years 1983, 1984 and 1985 to cover the costs of an additional 13 full-time equivalents (hereinafter FTEs). The documentation submitted on the appeal indicated that the revision was required solely because of an increase in the number of employees entitled to the maximum annual leave under petitioner's union contract; this was specifically not "a regular added staff appeal". The appeal was approved for 8.7 FTEs providing nursing care but denied as to the balance of 4.3 FTEs employed as relief personnel in "indirect care" services, upon the ground that only those

FTEs providing "direct care" nursing were entitled to be included in the total of allowable additional staff coverage. After further administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging the denial of the additional 4.3 FTEs, alleging that respondent's determination violated State and Federal law, lacked a rational basis and created illegal and irrational classifications among petitioner's employees. Supreme Court granted judgment in favor of respondents dismissing the petition. Petitioner's subsequent motion to renew was denied. These appeals followed.

We affirm. We begin our analysis by again noting that the system of Medicaid reimbursement is based upon prospective rather than actual costs (see, Matter of Sunrise Manor Nursing Home v Axelrod, 135 AD2d 293, 297) and that, as a result, the pertinent issue is not whether petitioner has experienced increased labor costs but, rather, whether it was entitled to reimbursement for these costs under the prevailing regulations (see, Matter of Eden Park Mgt. v Axelrod, 152 AD2d 844, 845). 10 NYCRR 86-2.14 (a) (3) provides for revisions in certified rates based on "significant increases in the overall operating costs of a residential health care facility resulting from the implementation of additional programs or services *specifically mandated for the facility* by the commissioner" (emphasis supplied). It is respondent's position that the only staffing area in which services are "specifically mandated" is direct care nursing, because there 24-hour coverage is mandatory. Since the minimum required nursing hours per patient is fixed by regulation, the calculation of necessary direct nursing care FTEs includes a relief factor, which takes into account the need to provide replacements for these employees during weekends, vacations, holidays and illnesses. In contrast, a separate relief factor is not calculated for housekeeping, food service and other employees not providing direct patient care, because employees in these categories are not required by Department of Health regulations to spend specific amounts of time on appointed tasks, but only to complete them.

It is fundamental that courts will defer to an agency's interpretation of its own regulations if not irrational (Matter of Johnson v Joy, 48 NY2d 689, 691; Matter of Howard v Wyman, 28 NY2d 434, 438). In this case, we do not find respondent's distinction between direct care nursing and indirect care services or the determination that, under the regulation, the latter are not "specifically mandated" (10 NYCRR 86-2.14 [a] [3]) to be unreasonable or irrational. For the same reason, we reject the assertion that, in making the distinction,

respondent has created an illegal or irrational classification *(see, Empire State Assn. of Adult Homes v Perales,* 142 AD2d 322, 324, *appeal dismissed* 74 NY2d 714). Further, we disagree with the assertion that respondent has not been consistent in differentiating between nursing services and indirect care services. The four rate appeals relied upon by petitioner, first called to Supreme Court's attention on the motion to renew, are distinguishable because they involved the creation of additional staff positions in facilities where nonnursing services were far below minimum standards. Finally, the assertion that respondent's action was outside the scope of any published regulations and was therefore illegal was not raised before Supreme Court and, accordingly, shall not be considered *(see, Matter of Desmond v Jones,* 87 AD2d 902).

Judgment and order affirmed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.