■ In the Matter of BELLEVUE MATERNITY HOSPITAL, INC., Appellant, v LORNA McBARNETTE, as Executive Deputy Commissioner of the Department of Health of the State of New York, Respondent. [610 NYS2d 669] —Casey, J. Appeal from a judgment of the Supreme Court (Cardona, J.), entered November 20, 1992 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for an adjustment in its hospital reimbursement rates.

Petitioner, an investor-owned hospital located in Schenectady County, requested an adjustment in its hospital reimbursement rates to reflect the increased expenses which resulted from the change in the sales tax in Schenectady County in 1989 from 4% to 7%. Respondent denied the request upon the ground that Department of Health regulations did not provide for an adjustment due to an increase in the local sales tax. After exhausting administrative remedies, petitioner commenced this proceeding, arguing that the regulations permit the requested increase. Supreme Court rejected petitioner's argument and dismissed the petition. We affirm Supreme Court's judgment.

The pertinent regulation, derived from Public Health Law § 2807-c (9) (b) (iii), permits rate adjustments based upon the addition of costs related to a State requirement for additional

services to be provided or additional costs to be incurred in meeting State and Federal requirements *(see,* 10 NYCRR 86-1.61 [f]). Petitioner contends that the expenses resulting from the increased sales tax constitute additional costs incurred in meeting a State requirement. According to respondent, the expenses resulting from the sales tax increase do not fall within the meaning of the regulation.

Considering this Court's scope of review in the area of reimbursement rates *(see, Matter of Highland Nursing Home v Axelrod,* 164 AD2d 83, 85) and the deference accorded an administrative agency in the interpretation of its own regulations *(see, Matter of Johnson v Joy,* 48 NY2d 689, 691), and recognizing that the reimbursement system is based upon prospective rather than actual costs *(see, Matter of Sunrise Manor Nursing Home v Axelrod,* 135 AD2d 293, 297), we find nothing unreasonable or irrational in respondent's conclusion that the local sales tax increase did not result in additional costs incurred in meeting a State requirement *(see, Matter of Silver Lake Nursing Home v Axelrod,* 156 AD2d 789, 790). Sales taxes were included as components which were accounted for in establishing petitioner's current rate. Respondent could rationally conclude that the sales tax increase constituted a general increase in the cost of doing business and not an additional cost incurred in meeting a State requirement. Petitioner has failed to demonstrate its entitlement to the relief requested and, therefore, the petition was properly dismissed.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.