■ In the Matter of MADELINE E. STONE et al., Appellants, v JOHN E. SWEENEY, as Commissioner of Labor, et al., Respondents. [698 NYS2d 645] —Judgment, Supreme Court, New York County (Beatrice Shainswit, J.), entered July 16, 1998, which denied petitioners' application pursuant to CPLR article 78 to require respondents, officials of the New York State Department of Labor (DOL), to permit the National Employment Law Project, Inc. (NELP) to be present, as petitioners' designated representative, at worksite inspections and at conferences held to investigate petitioners' complaints filed with DOL pursuant to the Public Employee Safety and Health Act (Labor Law § 27-a [PESHA]), and dismissed the petition, unanimously affirmed, without costs.

Petitioners, public assistance recipients required to work for public employers as part of a Work Experience Program (WEP) pursuant to Social Services Law § 336-c, seek to compel DOL to allow their chosen representative, NELP, to be present for all phases of DOL's processing of petitioners' complaints of alleged safety and health violations at their respective workplaces pursuant to PESHA, made applicable to WEP workers by Social Services Law § 330 (5). We agree with the IAS Court that DOL's refusal to permit NELP to be present for the workplace inspections DOL conducted to investigate the complaints was consistent with the express terms of PESHA, which provides that employees shall be represented on such inspections by an "authorized employee representative" (Labor Law § 27-a [5] [b]), a term defined for purposes of the statute to mean only employees and union representatives (Labor Law § 27-a [1] [c]). Such restriction of the right to attend the inspections to persons who are otherwise entitled to be present at the workplace is rationally related to the legitimate governmental objective of limiting the potential for disruption of the workplace by the intrusion of outsiders, and thus is neither arbitrary and capricious (*see, Matter of Hylton v Nyden*, 39 NY2d 61; *Matter of Pell v Board of Educ.*, 34 NY2d 222, 231; *Matter of Lippman v Public Empl. Relations Bd.*, 263 AD2d 891), nor offensive to the Equal Protection Clauses of the Federal and State Constitutions (*see, Empire State Assn. of Adult Homes v Perales*, 142 AD2d 322, 324, *lv denied* 74 NY2d 614, *appeal dismissed* 74 NY2d 714, citing *Trump v Chu*, 65 NY2d 20, 25, *appeal dismissed* 474 US 915). We have considered petitioners' other contentions and find them to be without

merit. Concur—Sullivan, J. P., Nardelli, Mazzarelli, Lerner and Buckley, JJ.