■ In the Matter of CABRINI MEDICAL CENTER, Respondent, v DAVID AXELROD, as Commissioner of Health of the State of New York, et al., Appellants. — Appeal from a judgment of the Supreme Court at Special Term (Hughes, J.), entered December 27, 1983 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Commissioner of Health regarding petitioner's 1974 Medicaid reimbursement rate.

In July, 1974, petitioner established a new 96-bed health related facility (HRF) in New York City. Since it did not have adequate cost experience, respondent State Commissioner of Health established a 1974 prospective Medicaid reimbursement rate pursuant to former 10 NYCRR 86.19. This rate was not based upon cost, but rather based upon allowable projected costs contained in a budget submitted by petitioner prior to opening its facility.

In early 1975, petitioner began to convert its HRF beds to skilled nursing facility (SNF) beds and achieved 90% occupancy in July, 1975. Thereafter, petitioner appealed its 1974 HRF rate seeking an adjustment reflecting a cost-based rate. Respondent Office of Health Systems Management denied petitioner's appeal on the sole ground that: "a cost based rate cannot be established until the facility experiences 90% utilization for a six month period. The HRF never experienced the 90% utilization for the required six month period."

Petitioner's request for an administrative hearing was subsequently denied on the ground that no issues of fact were raised, since petitioner could not dispute that the facility never experienced 90% utilization for the required six-month period.

Petitioner, pursuant to CPLR article 78, commenced this proceeding seeking a judgment annulling the determination and directing respondents to recalculate petitioner's reimbursement rate based upon actual costs. Special Term found that respondents' refusal to base the rate on actual costs was arbitrary and capricious since the six-month 90% utilization rule had not been formally adopted as a rule or regulation and was thus invalid. Special Term annulled the determination and remitted the matter to respondent Commissioner of Health to compute the 1974 rate upon a cost basis. This appeal ensued.

We agree with Special Term's conclusion with respect to the six-month 90% utilization rate rule (see *Matter of Aurelia Osborn Fox Mem. Hosp. v Axelrod,* 103 AD2d 509). However, although the six-month 90% utilization rule was invalid as applied by respondents to deny petitioner a cost-based rate, the 1974 regulations did not provide for the relief which petitioner seeks. Those regulations established a prospective rate-setting methodology. Former 10 NYCRR 86.16 expressly proscribed retroactive adjustments to certified rates except to correct errors in the determination of such rates. Such errors have been interpreted to include *only* errors in the submission of information by the medical facility or errors in the actual mathematical computation of the rate (*Hurlbut v Whalen,* 58 AD2d 311, 319, mot for lv to app den 43 NY2d 643).

Petitioner argues that the above-cited case must be distinguished because it involves the agency's attempt to recoup alleged overpayments made to facilities. We find this argument to be without merit since the applicable regulation "merely [permitted retroactive] adjustments in the two situations subsequently described in the regulation" (*id.,* at p 319).

In denying petitioner's request to adjust its 1974 HRF rate, respondents, however, failed to address the applicability of the

proscription contained in 10 NYCRR 86.16, or the applicability of the exceptions contained therein. In this regard, *Matter of Trump-Equitable Fifth Ave. Co. v Gliedman* (57 NY2d 588, 593), instructs us that: "A fundamental principle of administrative law long accepted by this court limits judicial review of an administrative determination solely to the grounds invoked by the agency, and if those grounds are insufficient or improper, the court is powerless to sanction the determination by substituting what it deems a more appropriate or proper basis" (citations omitted).

Accordingly, the matter must be remitted to respondent Commissioner of Health for consideration of the applicability of 10 NYCRR 86.16.

Judgment modified, on the law and the facts, without costs, by deleting so much thereof as directed respondent Commissioner of Health to "compute [p]etitioner's Health Related Facility (HRF) rate for the year 1974 based upon actual costs", matter remitted to respondents for further proceedings not inconsistent herewith, and, as so modified, affirmed. Kane, J. P., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.