■ In the Matter of FORT TRYON NURSING HOME, Appellant, v DAVID AXELROD, as Commissioner of the New York State Department of Health, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Cobb, J.), entered October 28, 1983 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition for failure to timely exhaust administrative remedies.

Petitioner, a residential skilled nursing facility located in New York City, submitted a 1973 cost report to the New York State Department of Health in August of 1974. The report, certified by petitioner's operator, indicated that the building and fixed equipment of the facility were provided under a non-arm's length arrangement. Based on this report, the Department

calculated petitioner's 1975 Medicaid reimbursement rate and advised petitioner thereof on November 1, 1974. The rate was provisional until the Department was able to complete an audit (10 NYCRR 86-2.7 [a]). Regulations in effect at the time provided that errors in determination of rates resulting from submission of incorrect information could be corrected if the errors were brought to the attention of the Commissioner of Health within 60 days of receipt of the Commissioner's rate computations (former 10 NYCRR 86.16 [repealed Oct. 14, 1975]; see 10 NYCRR 86-2.13). Although petitioner now claims that the cost report mistakenly indicated that the building and fixed equipment were provided under a non-arm's length agreement, it failed to take advantage of the opportunity to correct the information. The Department conducted its audit (10 NYCRR 86-2.7) and released its audit report in May of 1978. Petitioner challenged the report, but did not specify that it had given incorrect information on its 1973 cost report. It was not until the hearing on the Department's audit report (10 NYCRR 86-2.7 [f]) that petitioner first sought to correct the mistake.

The hearing officer recommended that, since petitioner did not timely raise the non-arm's length issue, the issue was not properly raised at the hearing. The Commissioner adopted the recommendation and petitioner commenced this proceeding to review such determination. Respondents moved to dismiss the proceeding on the ground that petitioner failed to timely commence and exhaust its administrative remedies. Special Term granted the motion and this appeal by petitioner ensued.

Initially, we reject petitioner's contention that respondents were collaterally estopped from raising the issue of failure to pursue administrative remedies because of a prior ruling in a Federal action involving the same parties (*Greenwald v Axelrod,* US Dist Ct, SDNY, May 27, 1981, Sand, J.) A reading of that decision indicates that it did not deal with the issue at hand, but simply deferred ruling on the merits of the case since it appeared that certain start-up costs were then being raised in an audit appeal. The Federal court did not rule on what issues could be raised in an audit appeal.

We also agree with Special Term that petitioner is precluded from raising the non-arm's length issue due to its failure to make timely use of its administrative remedy. The 60-day[*] time period reflects a reasonable attempt by the Department to confer some means of finality and reliability on cost reports (*Matter of Grace Plaza v Axelrod,* 99 AD2d 575, 576). Here petitioner checked a box on the 1973 cost report indicating the non-arm's

* Since changed to 120 days (10 NYCRR 86-2.13).

length arrangement. The form itself contained an explanation of "non-arm's length". The regulation in effect at that time provided an administrative means by which petitioner could have claimed that it checked the wrong box. Petitioner failed to do so. Further, while petitioner did challenge the Department's audit report, it did not specify that it had checked the wrong box or acknowledge any sort of error on its own part until the hearing on the audit appeal. Thus, even if 10 NYCRR 86-2.13 (b) is applicable to the instant proceeding, petitioner's reliance thereon is misplaced.

Judgment affirmed, with costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.