■ In the Matter of CHEMUNG COUNTY HEALTH CENTER, Petitioner, v DAVID AXELROD, as Commissioner of Health of the State of New York, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Commissioner of Health which sustained adjustments to petitioner's Medicaid reimbursement rates for the years 1971 through 1976.

Petitioner is a 200-bed nursing home which opened on July 9, 1971. Until July 8, 1971, Chemung County had operated the Breeseport Nursing Home, a 102-bed facility. Petitioner timely filed its cost reports for 1971, 1972, 1973 and 1974 as required by regulations of respondent State Department of Health. The reimbursement rate for petitioner was based on that of the Breeseport facility, since the new facility had no cost experience of its own prior to its first year of operation.

Petitioner's administrator, Howard T. Schneck, wrote letters dated March 27, 1972 and September 11, 1972 to the department requesting an adjustment of the reimbursement rate, but there is no record of the result of these communications nor of any appeal being filed. Subsequently, petitioner engaged an accounting firm to perform a financial review of its operations and the revised cost report for the year 1975 was submitted to the department. In February, 1978, petitioner requested that the department audit it for the years 1971 through 1976.

Petitioner sought review of the audit determinations by letter dated May 19, 1979. The review, decided in July, 1980, (1) denied petitioner's request for depreciation adjustment, (2) confirmed the decision to disallow a portion of the interest expenditures, (3) denied adjustments to health insurance allowances and (4) disallowed indirect costs. Petitioner then sought a hearing on that determination. The hearing officer confirmed the findings made at the review and respondent State Commissioner of Health sustained the hearing officer's decision. Petitioner then commenced this CPLR article 78 proceeding for judicial review of the commissioner's determination.

The determination of the commissioner is supported by substantial evidence in the record and is not affected by any arbitrary or capricious action of the hearing officer. The determination should therefore be confirmed and the petition dismissed.

Petitioner's first contention, i.e., that the department should have considered adjustments to its initial rate period from July 9, 1971 to December 31, 1971 and January 1, 1972 to June 30, 1972 during the audit, is rejected. While it appears that petitioner sought to have the initial rate assigned to it reviewed in 1972, there is nothing in the record demonstrating that petitioner timely pursued and perfected any appeal from such requests. The regulation in effect on July 9, 1971 provided: "No retroactive adjustments will be made in rates certified according to the foregoing rules. This does not preclude rate adjustment to correct errors in the determination of such rates" (former 10 NYCRR 86.16 [repealed Oct. 14, 1975]; see 10 NYCRR 86-2.13; see, also, *Matter of Cabrini Med. Center v Axelrod,* 105 AD2d 569; *Hurlbut v Whalen,* 58 AD2d 311, 319, mot for lv to app den 43 NY2d 643). The regulation at that time contained no time limit as to when the request for the correction of errors had to be made. Then, effective December 9, 1974, an amendment imposed a four-month time limit to correct errors "resulting from the rate computation process" (former 10 NYCRR 86.16). Petitioner, by waiting until 1978 to request an appeal, was time barred by this four-month requirement. The hearing officer thus did not act arbitrarily and capriciously in refusing to entertain the reimbursement issue based on costs prior to 1971. The audit hearing concerned the costs for 1971 through 1976, not pre-1971 costs.

Next, we agree with respondents' contention that petitioner, having elected to use the composite as opposed to the component method of depreciation, could not retroactively change to the component method. The hearing officer's decision, that petitioner's attempted alteration of the useful lives of certain of its assets was an impermissible retroactive change and not a correction of an error, is supported by substantial evidence.

We have considered petitioner's other arguments for nullification of the commissioner's determination and find them unpersuasive.

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Weiss, Mikoll and Yesawich, Jr., JJ., concur.