■ In the Matter of LIVINGSTON COUNTY HEALTH RELATED FACILITY, Appellant, v CESAR A. PERALES, as Commissioner of the Department of Social Services of the State of New York, Respondent.—Weiss, J.

Petitioner is a residential health care facility participating in the Medicaid program and receives reimbursement for services provided to eligible Medicaid patients. In November 1980, petitioner filed an administrative appeal with the Department of Health (DOH) to review issues pertaining to its 1976 audit, and a similar appeal again in February 1982 with respect to the 1977 and 1978 audits by DOH. A bureau review was held but, before a written determination was made, responsibility for audits of statistical reports was transferred from DOH to the Department of Social Services (DSS) (see, L 1983, ch 83, §§ 4, 9; Social Services Law § 368-c). Thereafter, on December 19, 1983, petitioner requested DSS to hold an administrative hearing on a dispute specified as a $10,851 property adjustment for both 1976 and 1977. DSS confirmed the issue by letter dated January 24, 1984 and, on February 24, 1984 gave a written notice of hearing limited to the specific issue raised by petitioner. The hearing was scheduled for March 13, 1984 but adjourned at petitioner's request until June 7, 1984.

In the interim, on May 18, 1984, petitioner's attorneys wrote DSS requesting that three additional issues be considered at the hearing. This request was denied by the Director of the Medicaid Rate Audit Hearings. Petitioner formally moved to amend the notice of hearing to include the three new issues. After a hearing in June 1984, the Administrative Law Judge (ALJ) determined that all of the issues pending before DOH prior to the legislative transfer of responsibility from DOH to DSS, which petitioner now sought to have reviewed by DSS, had been preserved (18 NYCRR former 518.1 [h] [2]). However, DSS reversed this determination, holding that it lacked jurisdiction to address the three new issues which concerned the propriety of the established Medicaid rate and were subject to review by DOH. In this CPLR article 78 proceeding commenced to annul the determination by DSS not to permit amendment of the notice of hearing, Special Term held that DSS did not act unreasonably in limiting review to the initial issue raised by petitioner and that petitioner had offered no explanation for its delay of three months before requesting amendment of the notice of hearing; also, that petitioner had not demonstrated that DSS had unreasonably interpreted the regulations. Petitioner has appealed.

By its brief, petitioner has limited this appeal to the sole issue of whether DSS acted arbitrarily and capriciously in denying petitioner's motion to amend the notice of hearing.

Even assuming that petitioner was correct in its contention that it was entitled to a hearing before DSS on all issues raised in the earlier bureau review conducted by DOH *(see,* 18 NYCRR 517.17), the three issues sought to be added in the hearing all dealt with the methodology for computing depreciation into the Medicaid reimbursement rate and thus fall outside DSS's jurisdiction* *(see,* 18 NYCRR former 518.1 [h] [3]). As correctly stated by DSS, the jurisdiction to hear and determine these nonaudit issues has remained with DOH *(see generally,* 10 NYCRR part 86-2). Thus, respondent's refusal to permit amendment of the hearing notice was neither arbitrary nor capricious.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey and Weiss, JJ., concur.

---

* Moreover, retroactive change of depreciation methods is not permitted *(see, Matter of Chemung County Health Center v Axelrod,* 107 AD2d 984; *cf. Matter of Arnot-Ogden Mem. Hosp. v Blue Cross,* 118 AD2d 185).