■ In the Matter of EASTMAN DENTAL CENTER, Petitioner, v DAVID AXELROD, as Commissioner of Health of the State of New York, Respondent.—Determination unanimously confirmed and petition dismissed without costs. Memorandum: Petitioner seeks review of a determination by respondent concerning Medicaid reimbursement rates for petitioner.

Respondent correctly used the base year 1978 in determining the reimbursable rate of capital costs for 1981-1982 (see, Public Health Law § 2807 [2] [b]). Although petitioner did not commence operations in its new facility until May 1978, respondent could adequately compute petitioner's capital costs based on costs in the old facility until May 1978, and costs in the new facility after May 1978. Thus, petitioner did not come within the exception to the statute, which provides an alternate method of setting rates for facilities without adequate

cost experience *(see,* 10 NYCRR 86-1.19). It was not unreasonable to base reimbursable costs on the use of the old facility, which provided services similar to those provided in the new facility. Whether respondent agreed to use the 1979 capital costs in determining the 1981-1982 reimbursable rate was an issue of fact resolved by the Hearing Officer in respondent's favor.

It was proper for the respondent to consider the construction costs of only that portion of the Eastman Dental Center devoted to patient care in computing reimbursable capital costs since the purpose of the Medicaid program is to provide reimbursement only for medical services and not for other activities.

Finally, respondent did not act arbitrarily in denying petitioner one-of-a-kind status and in determining that petitioner was similar to other facilities so that it should be placed in a group for reimbursement purposes. Although petitioner must be grouped with other facilities providing similar services (Public Health Law § 2807 [2] [b]), it need not be grouped with similar facilities. At least two other facilities with which petitioner was grouped provided reimbursable dental services similar to those provided by petitioner. It would be improper to consider petitioner a unique dental facility solely because it operates a teaching facility. The teaching facility was not approved by the Department of Health as necessary for providing basic dental services reimbursable under the Medicaid program *(see,* Public Health Law § 2802). Moreover, teaching activity, one of the criteria for grouping facilities *(see,* 10 NYCRR 86-1.13), does not generally apply to diagnostic and treatment centers *(see, Jordan Health Corp. v Axelrod,* Sup Ct, Monroe County, July 15, 1985, Conway, J., *affd for reasons stated below* 126 AD2d 940).

The propriety of the subsequent grouping of petitioner based upon the determination of respondent is not properly before the court since it was not the subject of petitioner's CPLR article 78 proceeding. (Article 78 proceeding transferred by order of Supreme Court, Monroe County, Patlow, J.) Present—Dillon, P. J., Callahan, Doerr, Boomer and Lawton, JJ.