■ In the Matter of FRANCES SCHERVIER HOME AND HOSPITAL INC., Respondent, v DAVID AXELROD, as Commissioner of Health of the State of New York, et al., Appellants.—Mahoney, P. J. Appeal from a judgment of the Supreme Court (Cobb, J.), entered September 4, 1990 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Department of Health regarding petitioner's 1983, 1984 and 1985 Medicaid reimbursement rates.

On May 13, 1982 petitioner filed its 1981 residential health care facility cost report with the Department of Health (hereinafter DOH). The cost report, prepared pursuant to the Residential Health Care Facility Uniform Reporting System, served as the basis for computing petitioner's Medicaid reimbursement rates for 1983, 1984 and 1985. On November 1, 1982, DOH issued petitioner's initial 1983 Medicaid reimbursement rate in which the cost of the salaries and fringe benefits received by petitioner's dietary workers were disallowed under the Medicaid program. Petitioner's original cost report included those costs in the category or "cost center" of "patient food services" which DOH allocated to the Meals-on-Wheels program and from which petitioner received no Medicaid reimbursement. The dietary workers, however, provided no

services to the Meals-on-Wheels programs, so that petitioner, after receiving its reimbursement rate, appealed to DOH and submitted an amended cost report placing dietary worker expenses under the cost centers for "skilled nursing facility" and "health related facility" rather than patient food service. DOH eventually denied the appeal and determined that such reclassification constituted an alternative means of allocating costs which should have been submitted with petitioner's 1981 cost report for prior approval (see, 10 NYCRR 456.2 [b], [c]). DOH summarily denied a subsequent appeal, finding no issues of fact requiring a hearing, and petitioner commenced this CPLR article 78 proceeding. Supreme Court determined, *inter alia*, that petitioner's cost report amendment did not constitute an alternative means of allocating costs. Accordingly, Supreme Court, *inter alia*, annulled the determination denying petitioner's appeal and ordered respondent Commissioner of Health to permit petitioner's cost report amendment. This appeal followed.

We affirm. A residential health care facility may request that DOH revise a certified Medicaid rate when the requested revision is based upon "errors in data submitted" to DOH by the facility (10 NYCRR 86-2.14 [a] [2]). Assuming, also, that DOH may deny rate revision requests based on alternative means of allocating costs unless submitted with the annual cost report and preapproved (see, 10 NYCRR 86-2.14 [a] [6]), we take Supreme Court's view that the rate revision sought herein was not based on such alternative means but, rather, on an error in data submitted (see, 10 NYCRR 86-2.14 [a] [2]) which DOH may correct if raised in a timely fashion (see, 10 NYCRR 86-2.13; *cf., Matter of Fort Tryon Nursing Home v Axelrod*, 107 AD2d 922, 923). Here, petitioner's requested amendment corrects its erroneous reporting of its dietary workers' salary and fringe benefits cost by changing the statistic from numbers of meals served, as required by the patient food services functional reporting center (10 NYCRR 455.11 [c]), to the number of patient days statistic required by the skilled nursing facility and health related facility functional reporting centers (10 NYCRR 455.37 [b]).

Moreover, petitioner's requested amendment appears to be a required reclassification of expenses inasmuch as it presents the predicament wherein "the Patient Food Services Department recorded the costs associated with [the] hand-feeding of patients * * * [when] these costs should have been recorded in the nursing reporting center relating to that patient program" (10 NYCRR 454.2 [b] [4] [i] [b]). Accordingly, while aware that

deference is to be given to an agency's interpretation of its regulations unless irrational *(see, Matter of Silver Lake Nursing Home v Axelrod,* 156 AD2d 789, 790), we take the view that DOH's interpretation of 10 NYCRR 86-2.14 (a) (2) in this case is irrational because the plain language of the regulation, in our view, allows for the correction of the error in data submitted by petitioner.

Casey, Levine, Mercure and Crew III, JJ., concur. Ordered that the judgment is affirmed, with costs.