■ In the Matter of GEORGE ROSSI, Doing Business as STONEHEDGE-ROME NURSING HOME et al., Appellant, v DAVID AXELROD, as Commissioner of Health of the State of New York, et al., Respondents.—Mercure, J. Appeal from a judgment of the Supreme Court (Kahn, J.), entered October 23, 1990 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition for, *inter alia,* failure to timely take an administrative appeal.

Petitioner operates two residential health care facilities participating in the Medicaid program. Petitioner's Medicaid reimbursement rates for the rate periods 1976 through 1981, at issue in this proceeding, were computed by the Department of Health (hereinafter DOH) on the basis of financial and statistical data supplied by petitioner for the base years 1974 through 1978 *(see,* 10 NYCRR 86-2.2). DOH provisionally computed the subject rates and furnished petitioner with its initial rate computation sheets approximately 60 days prior to the commencement of each of the respective rate periods. Subsequently, an audit was conducted of the fiscal and statistical records supplied by petitioner for the relevant base years, first by DOH and then the Department of Social Services (hereinafter DSS).* DSS issued its draft audit reports in 1983 and 1984 and final audit report on August 27, 1986.

---

* The audit was pending at the time of the 1983 transfer of the audit function from DOH to DSS *(see,* L 1983, ch 83; Social Services Law § 368-c).

By letter dated November 3, 1986, petitioner requested a hearing on various issues. At the hearing, conducted February 19, 1987, petitioner advanced for the first time the contention that his net investment in all assets other than land, building and nonmovable equipment was erroneously calculated in accordance with an interpretation of 10 NYCRR 86-2.28 which this court rejected in June 1986 in *Matter of Grace Plaza v Axelrod* (121 AD2d 799). On February 29, 1988, DSS issued a decision refusing to entertain petitioner's appeal upon the ground that the sole disputed issue concerned DOH's rate-setting methodology, over which it had no jurisdiction *(see, Matter of Livingston County Health Related Facility v Perales,* 124 AD2d 289, 291). On April 8, 1988, petitioner filed a rate appeal with DOH, which was denied as untimely under 10 NYCRR 86-2.13 (a). Petitioner then commenced this CPLR article 78 proceeding challenging the determinations of DSS and DOH. Respondents' motion to dismiss the petition was granted by Supreme Court and petitioner now appeals to this court.

We affirm. Initially, we agree with Supreme Court that DSS properly determined that it had no jurisdiction over petitioner's claim that his net investment in assets other than land, building and nonmovable equipment was erroneously calculated. It is well settled that "the authority of DSS does not extend to challenges to DOH rate-setting methodology" *(Matter of Beechwood Sanitarium v Perales,* 159 AD2d 35, 38; *see,* 18 NYCRR 517.6 [b] [6]; *Matter of Livingston County Health Related Facility v Perales, supra,* at 291). We are not persuaded by petitioner's effort to fit this within the fact pattern of *Matter of Beechwood Sanitarium v Perales (supra),* where the challenge was not to DOH rate-setting methodology but, rather, to DSS' refusal to apply that methodology *(see, supra,* at 38). Here, it is undisputed that in calculating the return on equity under 10 NYCRR 86-2.28, the DSS auditors utilized DOH rate sheets and faithfully adhered to the methodology which DOH established and employed in calculating petitioner's original rates for the years in question.

We also agree that petitioner's April 8, 1988 appeal to DOH was untimely. The relevant regulations provide that "[e]rrors on the part of [DOH] resulting from the rate computation process may be corrected if brought to the attention of the commissioner [of DOH] within 120 days of receipt of the commissioner's initial rate computation sheet" (10 NYCRR 86-2.13 [a]) and, further, that "[r]ate appeals * * * not commenced within 120 days of receipt of the commissioner's

initial rate computation sheet, may be initiated at time of audit of the base year cost figures at or prior to the audit exit conference" (10 NYCRR 86-2.13 [b]). As noted, the initial rate computation sheet was furnished to petitioner approximately 60 days prior to commencement of each of the subject rate periods. Thus, the rate computation sheet for 1981, the last of the subject rate periods, was received by petitioner on or about October 31, 1980 and the 120-day period provided for in 10 NYCRR 86-2.13 (a) expired in March 1981. The record establishes that the audit exit conference for base years 1974 through 1978 was conducted on April 27, 1981. Clearly, then, the limitations period for a rate appeal under 10 NYCRR 86-2.13 expired at the latest in April 1981, approximately seven years prior to petitioner's rate appeal to DOH and nearly six years before petitioner first raised the current issue in his appeal to DSS. Finally, we reject petitioner's contention that his time for appeal was enlarged by the provision of 10 NYCRR 86-2.13 (a) that *"[s]ubsequent errors* on the part of [DOH] *resulting from the revision of a rate* may be corrected if brought to the attention of the commissioner within 30 days of receipt of the commissioner's revised rate computation sheet" (emphasis supplied). The rate-setting methodology challenged by petitioner was utilized in calculating the original rate and was not a subsequent error resulting from the revision of a rate.

Casey, J. P., Weiss, Levine and Crew III, JJ., concur. Ordered that the judgment is affirmed, without costs.