■ In the Matter of SYLCOX NURSING HOME AND HEALTH RELATED FACILITY, Appellant, v DAVID AXELROD, as Commissioner of Health of the State of New York, et al., Respondents. —Mercure, J. Appeal from that part of a judgment of the Supreme Court (Bradley, J.), entered March 29, 1991 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review certain determinations of the Department of Health concerning petitioner's Medicaid reimbursement rates for the years 1986 through 1990.

Petitioner is a Medicaid provider operating a skilled nursing facility and health-related facility. Based on petitioner's 1983 expenses, the Department of Health (hereinafter DOH) calculated its prospective reimbursement rates for the years 1986 through 1990. Pursuant to Social Services Law § 368-c, petitioner's 1983 cost report was the subject of an audit by the Department of Social Services (hereinafter DSS) which commenced in November 1989. Following the audit, petitioner raised 10 objections to the rates set by DOH. Petitioner, informed by DOH that the objections as relevant to the 1986, 1987, 1988 and 1989 rates were untimely, commenced this CPLR article 78 proceeding seeking, *inter alia,* annulment of the reimbursement rates. Supreme Court found that three of the objections were the subject of pending administrative appeals or civil actions and that the seven remaining objections were based on noncomputational errors allegedly made by DOH and were, accordingly, time barred. Supreme Court therefore dismissed the petition, prompting this appeal.

Initially, certain of petitioner's claims should be dismissed because petitioner has failed to exhaust its available administrative remedies *(see, Matter of Amsterdam Nursing Home Corp. v Axelrod,* 172 AD2d 58, 63). Administrative appeals with respect to reimbursement for a facility addition and for nurses' salaries and the disallowance of interest on the purchase of a telephone system were still pending at the time this proceeding was commenced. In other instances involving the recalibration of rates pursuant to 10 NYCRR 86-2.31 and disallowance of interest on the purchase of an automobile, petitioner did not seek a second-level evidentiary hearing under 10 NYCRR 86-2.14 (b) upon denial of its first-level appeal under 10 NYCRR 86-2.13 (a).

In those instances where petitioner did exhaust its administrative remedies, it is nevertheless precluded from obtaining judicial review because, pursuant to CPLR 217, appeals as to methodology had to be raised within four months of the expiration of the 120-day period set forth in 10 NYCRR 86-2.13 (a). We reject petitioner's contention that DSS auditors agreed to review petitioner's claims regarding the 1983 base year. The record does not indicate that DSS made such agreement and DSS authority does not extend to challenges to DOH's rate-setting methodology in any event *(see, Matter of Rossi v Axelrod,* 178 AD2d 813; *Matter of Livingston County Health Related Facility v Perales,* 124 AD2d 289, 291). Further, petitioner's time to seek administrative review of the claims raised here was not extended by 10 NYCRR 86-2.13 (b).

DOH did not intend to permit the gamut of complex issues, otherwise appealable pursuant to 10 NYCRR 86-2.13 (a) and 86-2.14, to be raised under 10 NYCRR 86-2.13 (b) and has construed "errors made by the Department of Health" as used in 10 NYCRR 86-2.13 (b) to mean computational errors.

It is fundamental that courts will defer to an administrative agency's interpretation of its regulations if not irrational (*Matter of Johnson v Joy*, 48 NY2d 689, 691; *Matter of Howard v Wyman*, 28 NY2d 434, 438). In the instant case, petitioner has not demonstrated that DOH's interpretation of 10 NYCRR 86-2.13 (b) is irrational. To the contrary, the agency's construction is consistent with the sound public policy in this State which favors the prompt resolution of Medicaid rate controversies (*see, Solnick v Whalen*, 49 NY2d 224, 232-233; *Matter of Fort Tryon Nursing Home v Axelrod*, 107 AD2d 922; *Matter of Grace Plaza v Axelrod*, 99 AD2d 575, 576) and with prior case law construing the use of the word "error" in a predecessor regulation to 10 NYCRR 86-2.13 (*see, Hurlbut v Whalen*, 58 AD2d 311, 319, *lv denied* 43 NY2d 643).

Finally, we reject petitioner's contention that DOH committed a computational error within the meaning of 10 NYCRR 86-2.13 (b). The 10 issues raised by petitioner involve questions concerning the reimbursement methodology in effect for the rate year and implicate either an item excluded from the calculation by DOH or the methodology used by DOH in its calculations. None of these alleged errors concern the final stage computation, but, rather, the procedure and methodology used to reach the point where computations can be made.

Mikoll, J. P., Yesawich Jr., Levine and Harvey, JJ., concur. Ordered that the judgment is affirmed, without costs.