■ In the Matter of SPLIT ROCK NURSING HOME, Appellant, v BARBARA A. DeBUONO, as Commissioner of Health of the

State of New York, et al., Respondents. [660 NYS2d 479] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Kahn, J.), entered March 13, 1996 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition for failure to exhaust administrative remedies.

Petitioner is a residential health care facility (*see*, 10 NYCRR 86-2.1 [a]) which has been a participating provider of services in the State adult day health care program (*see*, 10 NYCRR 86-2.9) since 1989. Following receipt of its Medicaid reimbursement rates for 1993, 1994 and 1995, which were based upon the budget it submitted in 1989, petitioner timely commenced challenges thereto (*see*, 10 NYCRR 86-2.13 [a]; 86-2.14 [b]). According to petitioner, its reimbursement rates were improperly calculated because its actual transportation costs and certain depreciation and interest costs had not been incorporated.

In June 1995, respondent Commissioner of Health partially approved those portions of the appeals regarding the depreciation and interest costs but declined to utilize petitioner's actual transportation costs for the relevant time periods. The Commissioner determined that reimbursement rates for an adult day health care facility without adequate cost experience must be based upon the facility's submitted budget which includes, *inter alia*, allowable transportation costs (*see*, 10 NYCRR 86-2.9 [b], [c] [2]). Petitioner commenced this CPLR article 78 proceeding seeking annulment of the determination. In lieu of serving an answer, respondents moved to dismiss the petition on the basis that petitioner had failed to exhaust its administrative remedies by pursuing a second-level appeal. Supreme Court granted the motion and this appeal ensued.

We affirm. The appropriate procedure to challenge the outcome of a first-level appeal regarding the reimbursement rate is to request a hearing within 30 days of receipt of such determination (*see*, 10 NYCRR 86-2.14 [b] [1]). A statement of the factual issues to be resolved by the rate review officer must be appended to the hearing request (*see*, *id.*) and, if no factual issue is determined to exist, the request is denied with no administrative appeal available (*see*, 10 NYCRR 86-2.14 [b] [2]). If a factual issue is determined to exist, however, a hearing ensues before the rate review officer (*see*, *id.*), whose recommendation is subject to the Commissioner's approval (*see*, 10 NYCRR 86-2.14 [b] [3]). If there is no timely request for a hearing, the outcome of the first appeal is final (*see*, 10 NYCRR 86-2.14 [b] [1]).

Here, rather than requesting a hearing to challenge the

outcome of the first-level appeal, petitioner commenced this proceeding arguing that it was not required to request a hearing because no factual questions had been presented. In our view, however, petitioner's argument that it had adequate cost experience such that the 1989 budget should not have been utilized is a mixed question of fact and law which the Commissioner initially determined (*see, e.g., Matter of Grattan v Department of Social Servs.*, 131 AD2d 191, *lv denied* 70 NY2d 616; *see generally, Matter of Mount Loretto Nursing Home v Chassin*, 235 AD2d 663; *Matter of Eastman Dental Ctr. v Axelrod*, 151 AD2d 1024, 1024-1025; *Matter of Cabrini Med. Ctr. v Axelrod*, 105 AD2d 569). Accordingly, because petitioner did not seek a second-level evidentiary hearing and no exception to the exhaustion of administrative remedies doctrine is applicable herein (*see, Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57), we conclude that Supreme Court properly granted respondents' motion to dismiss the petition (*see, Matter of Sylcox Nursing Home & Health Related Facility v Axelrod*, 184 AD2d 986, 987, *lv denied* 80 NY2d 761; *Matter of Amsterdam Nursing Home Corp. v Axelrod*, 172 AD2d 58, 62-63, *lv denied* 80 NY2d 755).

Mercure, White and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.