OPINION OF THE COURT
Ariel E. Belen, J.
In this CPLR article 78 proceeding, petitioner Leroy Jardim seeks a judgment annulling the January 30, 1998 decision of respondent New York State Public Employment Relations *529 Board’s (PERB) Administrative Law Judge (ALJ) on the grounds that it is arbitrary and capricious and an abuse of discretion, affected by an error of law and not supported by substantial evidence.
Respondent PERB moves for an order pursuant to CPLR 7804 (f) dismissing the petition on the ground that petitioner failed to exhaust his administrative remedies, as provided by Civil Service Law § 205 (5) and the rules of procedure promulgated thereunder (4 NYCRR part 204). Respondent New York City Transit Authority (NYCTA) cross-moves for the same relief on the same ground.
On November 24, 1995, petitioner filed an improper practice charge against the NYCTA alleging that he was precluded from representing, as union steward for the Transport Workers Union, another employee and was warned and disciplined for conduct purportedly arising out of his union duties. A formal hearing was held pursuant to 4 NYCRR 204.7 on December 3, 1996, February 19 and 20, 1997 and July 15, 1997 before an ALJ. In a decision dated January 30, 1998, the ALJ found that the NYCTA committed no violation and dismissed the charge against it. PERB served the decision on petitioner by mail on February 3, 1998. Within 15 business days after receipt of the decision, petitioner could have filed exceptions to it with PERB (4 NYCRR 204.10). “An exception to a ruling, finding, conclusion or recommendation which is not specifically urged is waived” (4 NYCRR 204.10 [b] [4]; Matter of Civil Serv. Empls. Assn. v Public Empl. Relations Bd., 73 NY2d 796, 798). When exceptions are raised, PERB “may adopt, modify or reverse the administrative law judge’s decision and recommended order” (4 NYCRR 204.14 [a]). However, if no exceptions are filed, then “the decision and recommended order, or any part thereof, which concludes that a charge should be dismissed, in whole or in part, will be final” (4 NYCRR 204.14 [b] [emphasis added]). Petitioner did not file any “exceptions”, but instead has brought this judicial proceeding challenging the ALJ’s decision.
In Watergate II Apts. v Buffalo Sewer Auth. (46 NY2d 52, 57), the Court of Appeals stated the exhaustion of administrative remedies doctrine as follows: “It is hornbook law that one who objects to the act of an administrative agency must exhaust available administrative remedies before being permitted to litigate in a court of law (e.g., Young Men’s Christian Assn. v Rochester Pure Waters Dist., 37 NY2d 371, 375). This doctrine furthers the salutory [sic] goals of relieving the courts of the burden of deciding questions entrusted to an agency (see *530 1 NY Jur, Administrative Law, § 5, pp 303-304), preventing premature judicial interference with the administrators’ efforts to develop, even by some trial and error, a co-ordinated [sic], consistent and legally enforceable scheme of regulation and affording the agency the opportunity, in advance of possible judicial review, to prepare a record reflective of its ‘expertise and judgment’ (Matter of Fisher [Levine], 36 NY26 [sic] 146, 150; see, also, 24 Carmody-Wait 2d, NY Prac, § 145:346).” Furthermore, an article 78 proceeding cannot be used to challenge a determination which is not final “or can be adequately reviewed by appeal to * * * some other body or officer” (CPLR 7801 [1]).
Here, petitioner had an administrative appeals process available to him, but chose not to use it. Instead, petitioner has sought to circumvent the afforded remedy by claiming that since he did not file any exceptions to the ALJ’s decision, it became final and he therefore met the threshold requirement for bringing an article 78 proceeding (CPLR 7801 [1]). The court does not agree.
If this court were to accept petitioner’s logic, the appeals process outlined in 4 NYCRR part 204 would be of limited value. Anyone could disregard its provisions and go directly to a court of law to seek the same redress afforded by the administrative remedy/remedies. However, by not interposing any exceptions to the ALJ’s decision, he has waived his right to challenge the decision for all purposes. Therefore, there is nothing for this court to consider.
Since petitioner did not seek to invoke the administrative appeals process available to him, the court finds that petitioner cannot now proceed by way of a CPLR article 78 proceeding (Matter of Split Rock Nursing Home v DeBuono, 241 AD2d 781, 783).
Accordingly, respondents’ motion and cross motion are granted and the petition is hereby dismissed.