In the Matter of PRESBYTERIAN HOME FOR CENTRAL NEW YORK, INC., Respondent, v MICHAEL J. DOWLING, as Acting Commissioner of Social Services of the State of New York, et al., Appellants. [692 NYS2d 876] —Judgment unanimously reversed on the law without costs and amended petition dismissed. Memorandum: Petitioner commenced this CPLR article 78 proceeding challenging rate disallowances made by respondent Acting Commissioner of Social Services of the State of New York (DSS) in an audit of petitioner's base year costs used to compute Medicaid reimbursement rates for 1986 through 1991 (first four causes of action). Petitioner also challenged the application of the 1987 Regional Input Price Adjustment Factor (RIPAF) to petitioner's 1986 through 1992 reimbursement rates (fifth cause of action). Supreme Court granted the amended petition in all respects, ordered respondent Commis-

sioner of Health of the State of New York (DOH) to recalculate the direct component of petitioner's Medicaid reimbursement rate for January 1, 1987 through December 31, 1990 without resort to the 1987 RIPAF adjustment methodology, and declared petitioner to be a "prevailing party" under 42 USC § 1988 and CPLR article 86.

We agree with respondents that the court erred in failing to dismiss the first four causes of action because petitioner failed to exhaust its administrative remedies (*see, Matter of Sylcox Nursing Home & Health Related Facility v Axelrod*, 184 AD2d 986, 987, *lv denied* 80 NY2d 761). An administrative appeal with respect to the disallowance is still pending. Contrary to the contention of petitioner, resort to administrative review would not be futile. Petitioner does not challenge the DOH methodology; it contends that DSS applied the DOH methodology improperly, contravening DOH regulations and published directives. "Questions involving * * * the reasonable interpretation of an agency's own regulations * * * must first be raised within the agency's own administrative review process" (*Matter of Grattan v Department of Social Servs.*, 131 AD2d 191, 195, *lv denied* 70 NY2d 616).

Respondents further contend that the fifth cause of action is untimely. We agree. Petitioner failed to challenge the application of the 1987 RIPAF corridor adjustment within four months of the expiration of the 120-day period following its receipt of the rate computation sheets each year (*see,* CPLR 217; 10 NYCRR 86-2.13 [a]; *Matter of Sylcox Nursing Home & Health Related Facility v Axelrod, supra,* at 987). Petitioner was aggrieved by the application of the RIPAF when it received the annual rate sheets because its initial wage rates were below the regional average. (Appeal from Judgment of Supreme Court, Oneida County, Buckley, J.—CPLR art 78.) Present—Green, J. P., Hayes, Pigott, Jr., Scudder and Balio, JJ.