■ CHARLES P. SITRIN NURSING HOME COMPANY, INC., Respondent, v LORNA S. McBARNETTE, as Acting Commissioner of Health, et al., Appellants. [603 NYS2d 345] —Casey, J. Appeal from a judgment of the Supreme Court (Hughes, J.), entered

June 11, 1992, in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Acting Commissioner of Health computating petitioner's 1987 through 1991 Medicaid reimbursement rates.

Petitioner, the operator of a nursing home located in Oneida County, commenced this proceeding to annul its Medicaid reimbursement rates for the 1987 through 1991 rate years on the ground that the recalibration regulation *(see,* 10 NYCRR former 86-2.31) applied by the Department of Health (hereinafter DOH) is arbitrary and capricious *(see, New York State Assn. of Counties v Axelrod,* 78 NY2d 158). We agree with respondents that this proceeding is barred by the applicable Statute of Limitations. Supreme Court's judgment must, therefore, be reversed and the petition dismissed.

A challenge to DOH's application of the recalibration regulation is a challenge to DOH rate-setting methodology, not to mere computational errors and petitioner was therefore required to commence this proceeding within four months of the 120-day period set forth in 10 NYCRR 86-2.13 (a), which commences with petitioner's receipt of the initial rate computation sheets issued approximately two months prior to the beginning of the respective rate years *(see, Matter of Jewish Home & Infirmary v Commissioner of N. Y. State Dept. of Health,* 190 AD2d 197, 199). Petitioner did not commence this proceeding until April 1992, which is clearly long after the four-month Statute of Limitations had run for the 1987 through 1991 rate years challenged by petitioner. Petitioner's attempt to challenge the recalibration regulation in an administrative appeal pursuant to 10 NYCRR 86-2.13 (b), filed in May 1989, did not extend the time within which this proceeding had to be commenced *(see, Matter of Sylcox Nursing Home & Health Related Facility v Axelrod,* 184 AD2d 986, 987, *lv denied* 80 NY2d 761). "DOH did not intend to permit the gamut of complex issues, otherwise appealable pursuant to 10 NYCRR 86-2.13 (a) and 86-2.14, to be raised under 10 NYCRR 86-2.13 (b) and has construed 'errors made by the Department of Health' as used in 10 NYCRR 86-2.13 (b) to mean computational errors" *(supra,* at 988). Based upon this Court's holdings in *Matter of Jewish Nursing Home & Infirmary v Commissioner of N. Y. State Dept. of Health (supra)* and *Matter of Sylcox Nursing Home & Health Related Facility v Axelrod (supra),* we conclude that this proceeding is time barred.

Yesawich Jr., J. P., Crew III, White and Mahoney, JJ.,

concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.