■ In the Matter of WESTMOUNT HEALTH FACILITY, Respondent-Appellant, v COMMISSIONER OF THE NEW YORK STATE DEPARTMENT OF HEALTH et al., Appellants-Respondents. [613

NYS2d 965] —White, J. Cross appeals from a judgment of the Supreme Court (Dier, J.), entered March 30, 1993 in Warren County, which partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to, *inter alia,* annul determinations of respondent Commissioner of Health establishing petitioner's Medicaid reimbursement rates for the years 1986 through 1991.

Petitioner, an operator of a nursing home facility located in Warren County that participates in the Medicaid reimbursement program, commenced this CPLR article 78 proceeding on September 30, 1991 challenging several aspects of its 1981 through 1991 Medicaid rates, in particular, the disallowance by the Department of Health (hereinafter DOH) of certain project costs and its utilization of petitioner's 1983 investment income to offset interest expenses incurred in subsequent years. Supreme Court rejected petitioner's claims regarding the project costs, but sustained its claim concerning the utilization of its 1983 investment income as an offset. These cross appeals ensued.*

In 1981, petitioner completed construction of a nursing facility and submitted a schedule of certified costs to DOH. In May 1988, DOH upwardly revised the schedule by over $700,-000. DOH did not, however, proportionately increase the fees paid to architects, engineers and supervisors despite the fact these fees were set by contract as a percentage of project costs. Because the failure to increase these fees had a negative impact on the amount of petitioner's depreciation reimbursement *(see,* 10 NYCRR 86-2.19 [a]), petitioner sought to have them increased by means of a rate appeal covering the 1981 through 1985 rate years. By letter dated April 27, 1990, DOH denied the appeal. Instead of challenging the denial in a timely CPLR article 78 proceeding, petitioner included the fee issue in its 1991 rate year appeal. DOH rejected the fee aspect of the appeal on May 29, 1991.

Petitioner concedes that it is precluded from obtaining relief on this issue for the 1981 through 1985 rate years. However, it does maintain that its claims for the 1986 through 1991 rate years are viable because it filed a timely rate appeal for 1991. We disagree. When an agency acts adjudicatively and a party fully participates in the administrative proceeding with the expectation that all will be bound by the result, such party

---

* On oral argument, the parties withdrew the appeal of Supreme Court's determination that DOH's use of 1983 cost data in calculating petitioner's 1986 through 1991 rates was arbitrary and capricious.

will be precluded from relitigating an issue decided therein in a subsequent proceeding *(see, Allied Chem. v Niagara Mohawk Power Corp.,* 72 NY2d 271, 277, *cert denied* 488 US 1005). Applying these principles here, we find that petitioner was precluded from relitigating the fee issue in its 1991 rate year appeal since it unequivocally requested and received a dispositive ruling from DOH on this issue in its 1981 through 1985 rate years appeal *(compare, Staatsburg Water Co. v Staatsburg Fire Dist.,* 72 NY2d 147). Therefore, for this reason and as petitioner did not commence this proceeding within four months of the April 1990 determination of its 1981 through 1985 rate years appeal, we conclude that its claim concerning the fee issue is time barred *(see,* CPLR 217).

We also conclude that petitioner's claim pertaining to DOH's utilization of its 1983 investment income as an offset is time barred insofar as it relates to the 1986 through 1989 rate years due to petitioner's failure to challenge the investment income offset methodology within four months of receipt of its rate sheets for 1986 through 1989 *(see, Matter of Consolation Nursing Home v Commissioner of N. Y. State Dept. of Health,* 194 AD2d 149, 152). Petitioner's attempt to raise this issue as part of an appeal under 10 NYCRR 86-2.13 (b) is unavailing as we have made it clear that such appeals relate only to computational errors and not to challenges to DOH rate-setting methodology *(see, Sitrin Nursing Home Co. v McBarnette,* 198 AD2d 579, *lv denied* 83 NY2d 752; *Matter of Jewish Home & Infirmary v Commissioner of N. Y. State Dept. of Health,* 190 AD2d 197, *lv granted* 82 NY2d 661; *Matter of Sylcox Nursing Home & Health Related Facility v Axelrod,* 184 AD2d 986, *lv denied* 80 NY2d 761).

Mercure, J. P., Casey, Weiss and Peters, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as enjoined respondents from using 1983 investment income to offset post-1983 interest expense regarding petitioner's 1986 through 1989 rates, and, as so modified, affirmed.