■ In the Matter of EDWARD T. SYLCOX, JR., Doing Business as SYLCOX HEALTH CARE FACILITIES, Appellant, v MARK R. CHASSIN, as Commissioner of Health of the State of New York, et al., Respondents. [642 NYS2d 411] —Mercure, J. Appeal from a judgment of the Supreme Court (Williams, J.), entered January 18, 1995 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition, *inter alia*, as time barred and for failure to exhaust administrative remedies.

Petitioner, the owner and operator of Sylcox Health Care Facilities, a residential health care facility in the City of Newburgh, Orange County, commenced this CPLR article 78 proceeding to challenge the denial of his administrative appeal of audit disallowances to the facility's 1987 through 1989 property cost reports, which effected a retroactive decrease in its Medicaid reimbursement rates for 1989 through 1991. Presently, only two claims are at issue, i.e., the sixth claim, concerning the facility's return on equity, which Supreme Court dismissed on the basis of petitioner's failure to exhaust all administrative remedies, and the seventh claim, contesting the Department of Health's method of "blending" petitioner's skilled nursing facility and health-related facility rates, which Supreme Court dismissed as time barred.

Initially, we agree with Supreme Court's conclusion that petitioner's sixth claim is barred by his failure to exhaust available administrative remedies. In fact, petitioner freely acknowledges that administrative review of this claim is pending. It is his position, however, that unreasonable delay in resolving the administrative appeal bars respondents from raising the defense of failure to exhaust administrative reme-

dies or, alternatively, provides a basis for an order of this Court directing respondents to render an administrative determination. We are not persuaded.

The decision of the Court of Appeals in *Matter of Cortlandt Nursing Home v Axelrod* (66 NY2d 169, *cert denied* 476 US 1115) established a four-part analysis to be undertaken in determining whether administrative delay in adjudicating the final rate of Medicaid reimbursement violates the directive of the State Administrative Procedure Act that hearings be conducted within a reasonable period of time. There, the Court, finding that "[t]he passage of time, standing alone, does not * * * serve as a basis for judicial intervention, with peremptory effect, into the administrative process" (*supra*, at 177), held that a court "sitting in review, must weigh certain factors, including (1) the nature of the private interest allegedly compromised by the delay; (2) the actual prejudice to the private party; (3) the causal connection between the conduct of the parties and the delay; and (4) the underlying public policy advanced by governmental regulation" (*supra*, at 178). Addressing the first and fourth factors, the Court found that because a nursing home has no entitlement to Medicaid payments until audits are performed and completed (*see*, Social Services Law § 368-c [1]; 10 NYCRR 86-2.7 [a]; 18 NYCRR 504.3 [a], [g]; 18 NYCRR parts 517, 518), an allegation of administrative error in an audit disallowance of certain of its reported costs (as is the situation here) implicates no vested or contingent legal right (*Matter of Cortlandt Nursing Home v Axelrod, supra*, at 178). Rather, the interest sought to be protected is merely "the retention of public moneys which * * * never should have [been] received in the first place" (*supra*, at 179), giving rise to "a strong, defined public policy of this State to recover [the] public funds improperly received" (*supra*, at 182).

As for the second factor, the Court of Appeals rejected the claim that "there comes a point where the extent of the delay speaks for itself and becomes intolerable" (*supra*, at 181). To the contrary, the burden is on the private party to establish "substantial prejudice by reason of the delay [which] has significantly and irreparably handicapped [it] in mounting a defense in an adversary administrative proceeding" (*supra*, at 180). Here, petitioner has made no showing to support such a burden. To the contrary, other than petitioner's conclusory allegations of prejudice and "severe financial distress", the record is silent on the issue. Finally, we note that petitioner has no response to respondents' contention that Public Health Law § 2808 (15) precluded consideration of petitioner's administra-

tive appeal during the State fiscal year commencing April 1, 1995.

Turning briefly to the remaining issue, we agree with Supreme Court that petitioner's seventh claim is barred by the four-month Statute of Limitations of CPLR 217. Without doubt, that claim, challenging the propriety of respondents' blending of petitioner's skilled nursing facility beds with his health-related beds, addresses the methodology employed by the Department of Health and does not allege computational error (*see, Matter of Patterson SNF v Chassin*, 196 AD2d 155, *appeal dismissed, lv denied* 83 NY2d 962). As such, petitioner was required to commence this proceeding within four months of the 120-day period set forth in 10 NYCRR 86-2.13 (a), and petitioner's administrative appeal pursuant to 10 NYCRR 86-2.13 (b) did not extend his time for commencing the proceeding (*see, Sitrin Nursing Home Co. v McBarnette*, 198 AD2d 579, 580, *lv denied* 83 NY2d 752; *Matter of Jewish Home & Infirmary v Commissioner of N. Y. State Dept. of Health*, 190 AD2d 197, 199, *affd* 84 NY2d 252). Petitioner's remaining contentions have been considered and found unavailing.

Mikoll, J. P., White, Casey and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.