■ THEODORE FRUTIGER et al., Individually and on Behalf of AMY FRUTIGER, a Handicapped Child, Appellants, v HAMILTON CENTRAL SCHOOL DISTRICT, Respondent. [644 NYS2d 582] —Mikoll, J.

This appeal challenges Supreme Court's determination that plaintiffs' claims are barred by res judicata and collateral estoppel, based on the court's determination that plaintiffs had a full and fair opportunity to litigate the claims previously and that the matter was disposed of on the merits. Plaintiffs commenced an action in United States District Court for the Northern District of New York (hereinafter the Federal action) on their behalf and that of their daughter, Amy, seeking, *inter alia*, reimbursement for tuition incurred by the placement of their child in a private school in Massachusetts under the now-titled Individuals with Disabilities Education Act (hereinafter IDEA) (*see*, 20 USC § 1401-1485).[1] Plaintiffs alleged that defendant had failed to provide an appropriate education program for their daughter. The matter was resolved by a stipulation

1. The IDEA was formerly known as the Education for All Handicapped Children Act.

agreement, approved by the District Court,[2] under which defendant agreed to pay plaintiffs $33,000 in two installments (one totaling $15,000 and one totaling $18,000). Under the stipulation agreement, plaintiffs were required to cooperate with defendant with respect to defendant's development of an educational program for their daughter.

The initial installment was paid but defendant withheld the second installment, claiming the plaintiffs had materially breached the agreement. Plaintiffs moved in the Federal action for an order requiring defendant to pay the second installment. Defendant filed a cross motion seeking to be relieved of its obligation to pay the second installment or, in the alternative, for an order vacating the stipulation agreement and setting the matter for trial. Plaintiffs did not oppose the cross motion. District Court granted defendant's cross motion, vacated the stipulation and set the matter down for trial.

Plaintiffs then moved for reconsideration and advised the District Court by letter that they were "willing to accept dismissal of their entire claim in the event the Court does not grant the relief sought in the moving papers". The court denied plaintiff's motion for reconsideration and, pursuant to plaintiffs' consent, dismissed the action with prejudice. Plaintiffs appealed the denial of the motion to reconsider to the Second Circuit Court of Appeals which dismissed the appeal on the ground that the order was not appealable because the dismissal had been voluntary and at plaintiffs' request.

Plaintiffs then commenced the instant action in Supreme Court seeking, in the first cause of action, reimbursement for tuition expenses for the period of 1991 through 1994 and, in the second cause of action, the $18,000 remaining unpaid under the stipulation agreement. Defendant's answer raised various affirmative defenses, including res judicata. Defendant then moved for summary judgment seeking dismissal of plaintiffs' complaint. Supreme Court dismissed both causes of action based on res judicata and collateral estoppel. Plaintiffs appeal.

Plaintiffs claim that the first cause of action seeking tuition reimbursement for 1991 to 1994 is not barred by res judicata because the Federal action was based on years prior to 1991.[3] The mere fact that a subsequent action involves different years does not render the doctrine of res judicata inapplicable (*see, Ritter v City of Binghamton*, 165 AD2d 962, 962-963; *see gener-*

---

2. The District Court retained jurisdiction to reopen the action in the event the settlement was not completed and further litigation was necessary.

3. We note that plaintiffs' complaint in the Federal action does not limit damages to any particular time period.

*ally, Matter of Westmount Health Facility v Commissioner of N. Y. State Dept. of Health,* 205 AD2d 991, 992-993). Plaintiffs' first cause of action, based on the years subsequent to the commencement of the Federal action, is barred by the doctrine of res judicata because the gravamen of the wrong is the same in both lawsuits, that is, defendant's refusal to formulate a suitable educational program for the child. This issue would have been resolved in the Federal action if plaintiffs had not elected to have the action dismissed when District Court declined to enforce the stipulation agreement.

Plaintiffs also urge that res judicata does not bar their second cause of action because there was no adjudication in the Federal action of the contractual issues raised therein, that is, the right to reimbursement for the second installment of the stipulated agreement. We disagree.

In the Federal action, District Court reviewed the motion papers of both parties and found that both had violated the stipulation agreement, necessitating a trial. Plaintiffs had a full opportunity at this juncture to address the issue of defendant's breach of the stipulation agreement and to have the issue of their entitlement to the second installment decided in their favor. Their consent to a dismissal of the Federal action should their motion to reconsider be denied constituted a decision on the merits and bars the instant cause of action on res judicata grounds. Moreover, because the issue of the second installment was before District Court, plaintiffs should be collaterally estopped from relitigating the issue again (*see, Mahota v City of Hudson,* 179 AD2d 845, 846, *lv denied* 79 NY2d 760).

Cardona, P. J., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.