■ In the Matter of KATHERINE LUTHER NURSING HOME, INC., Respondent, v BARBARA A. DEBUONO, as Commissioner of Health of State of New York, et al., Appellants. [708 NYS2d 785] —Judgment unanimously reversed on the law without costs and petition dismissed. Memorandum: While the New York State Department of Social Services was conducting an audit in September 1994 of petitioner's Medicaid reimbursement rates for the period April 1, 1988 through April 24, 1992, petitioner filed a rate appeal with the New York State Department of Health (DOH) pursuant to 10 NYCRR 86-2.13 (b) challenging the computation of its Medicaid reimbursement rate

for that period. In November 1994 DOH accepted only a portion of that appeal, determining that six of 11 alleged errors "do not meet the criteria for appeals at the time of audit". In March 1995 petitioner commenced this CPLR article 78 proceeding seeking, *inter alia*, a judgment annulling that determination and awarding attorney fees. Respondents thereafter agreed to accept two additional alleged errors for appeal, leaving only four alleged errors outstanding. Supreme Court erred in granting the petition.

Rate appeals not commenced within 120 days of receipt of the initial rate computation sheet may be commenced at the time of an audit but are "recognized only to the extent that they are based upon errors in the cost and/or statistical data submitted by the residential health care facility * * * or errors made by the [DOH]" (10 NYCRR 86-2.13 [b]). Contrary to petitioner's contention, the term "errors" in 10 NYCRR 86-2.13 (b) does not refer to mistakes resulting from the underestimation of costs. "Inasmuch as Medicaid rates are prospective in nature (i.e., based upon prospective, rather than actual, costs), 'the pertinent issue is not whether petitioner has experienced increased * * * costs but, rather, whether it was entitled to reimbursement for these costs under the prevailing regulations'" (*Matter of University Hgts. Nursing Home v Chassin*, 245 AD2d 776, 777, quoting *Matter of Silver Lake Nursing Home v Axelrod*, 156 AD2d 789, 790; see, *Matter of Bassett Hosp. v Axelrod*, 127 AD2d 260, 262). Those regulations permit revision of certified rates on the basis of significant increases in operating costs only if those costs result "from the implementation of additional programs or services specifically mandated for the facility by the commissioner" (10 NYCRR 86-2.14 [a] [4]) or "from capital renovation, expansion, replacement or the inclusion of new programs or services approved for the facility by the commissioner" (10 NYCRR 86-2.14 [a] [5]). However, an application for review of a certified rate pursuant to 10 NYCRR 86-2.14 (a) (4) and (5) must be submitted within the time limit set forth in 10 NYCRR 86-2.13 (a), i.e., "within 120 days of receipt of the commissioner's initial rate computation sheet." "DOH did not intend to permit the gamut of complex issues, otherwise appealable pursuant to 10 NYCRR 86-2.13 (a) and 86-2.14, to be raised under 10 NYCRR 86-2.13 (b)" (*Matter of Sylcox Nursing Home & Health Related Facility v Axelrod*, 184 AD2d 986, 988, *lv denied* 80 NY2d 761). Petitioner failed to establish that the distinction drawn by DOH between rate appeals commenced "within 120 days of receipt of the commissioner's initial rate computation sheet" (10 NYCRR 86-2.13 [a]) and "at [the] time of [an] audit" (10 NYCRR 86-2.13 [b]) is ir-

rational or unreasonable (*see generally, Matter of Howard v Wyman*, 28 NY2d 434, 438, *rearg denied* 29 NY2d 749; *Matter of University Hgts. Nursing Home v Chassin, supra*, at 777). In view of our determination, there is no basis for an award of attorney fees pursuant to 42 USC § 1988 (b) or CPLR article 86 (*see, Matter of New York State Clinical Lab. Assn. v Kaladjian*, 194 AD2d 189, 193, *affd* 85 NY2d 346). (Appeal from Judgment of Supreme Court, Oneida County, Buckley, J.—CPLR art 78.) Present—Green, J. P., Wisner, Hurlbutt, Kehoe and Lawton, JJ.