■ In the Matter of EVERGREEN VALLEY NURSING HOME, Appellant, v BARBARA A. DEBUONO, as Commissioner of Health of the State of New York, et al., Respondents. [715 NYS2d 523] —Mercure, J. P. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered June 28, 1999 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Health regarding Medicaid reimbursement rates.

Petitioner, a residential health care facility in the City of Plattsburgh, Clinton County, owned by William Hassett as principal partner, brought this proceeding to challenge the calculation by respondent Commissioner of Health of its Medicaid reimbursement rates. In October 1991, the former

operator of the facility, Sacred Heart Home, Inc., entered into voluntary receivership as a result of its inability to comply with Federal Medicaid requirements. In November 1991, Sacred Heart contracted to sell the facility to a partnership led by Hassett. Sacred Heart remained in receivership until the sale was concluded and, during the intervening period, Hassett loaned the facility $100,000 to cover its operating costs and in return was credited with all income received by the facility. Following approval from the appropriate administrative agencies, Hassett assumed control of the facility in September 1994.

In September 1998, petitioner commenced this proceeding challenging a determination by the Commissioner that, in establishing petitioner's Medicaid reimbursement rates, she (1) denied reimbursement for interest paid upon Hassett's loan, (2) included the receiver's fee in the calculation of certain expenditures, and (3) denied adjustments to certain annualized capital costs. Supreme Court subsequently dismissed the petition. Petitioner appeals.

We affirm. Initially, we conclude that petitioner's challenge to the inclusion of the receiver's fee in certain calculations was properly dismissed as time barred. We agree with Supreme Court that the issue of whether a $27,082 fee paid to the receiver was properly included within the general administrative and fiscal cost centers as part of the routine costs incurred in operating the facility or, as alleged by petitioner, should instead have been included within the noncomparable component of the reimbursement rate as an allowable cost which, because of its nature, was not subject to peer group comparisons (*see*, 10 NYCRR 86-2.10 [f]), does not allege a computational error but, rather, addresses the methodology employed to calculate the rate. As such, the proceeding was required to be commenced within four months of the 120-day period set forth in 10 NYCRR 86-2.13 (a) (*see*, *Matter of Sylcox v Chassin*, 227 AD2d 834, 836; *Matter of Sylcox Nursing Home & Health Related Facility v Axelrod*, 184 AD2d 986, 987, *lv denied* 80 NY2d 761; *see also*, CPLR 217). The 120-day period commenced upon petitioner's receipt of the initial rate computation sheets in 1996 (*see*, *Matter of Jewish Home & Infirmary v Commissioner of N. Y. State Dept. of Health*, 190 AD2d 197, 199, *affd* 84 NY2d 252) and, therefore, this proceeding, commenced on September 14, 1998, was untimely.

Nor are we persuaded that the Commissioner's determination to deny petitioner reimbursement for interest paid on the loan to Hassett was arbitrary and capricious. Given Hassett's status as contract vendee, and thus the equitable owner of the

facility (*see, Edwards v Van Skiver*, 256 AD2d 957, 958; *Romel v Reale*, 155 AD2d 747), and the fact that during the pendency of the sale Hassett was entitled to all income and net profit generated by the facility, the Commissioner's conclusion that Hassett was a lender "related through control, ownership, affiliation or personal relationship to the borrower" within the purview of 10 NYCRR 86-2.17 (*l*) and 10 NYCRR 86-2.20 (b) should not be disturbed (*see, Matter of Cortlandt Nursing Care Ctr. v Whalen*, 46 NY2d 979, 980).

Finally, we conclude that the Commissioner properly determined the reimbursement costs for petitioner's mortgage. We are not persuaded by petitioner's contention that it was entitled to reimbursement in December 1994 for a payment of amortized principal and interest it made in January 1995. In fact, the actual reimbursement allowed by the Commissioner was based on an amortization schedule provided by petitioner.

Petitioner's additional arguments have been considered and found to be also unavailing.

Peters, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.