■ LYDEN NURSING HOME, Appellant, v BARBARA A. DEBUONO, as Commissioner of the Department of Health of the State of New York, et al., Respondents. [731 NYS2d 389] —In an action for a judgment declaring that the plaintiff is entitled to a recalculation of its Medicaid reimbursement rates for the years 1993 through 1996, the plaintiff appeals from an order of the Supreme Court, Queens County (Schulman, J.), dated June 6, 2000, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment declaring that the plaintiff is not entitled to a recalculation of its Medicaid reimbursement rates for the years 1993 through 1996.

The plaintiff, a nursing home receiving Medicaid reimbursement, brought this action for a judgment declaring that it is entitled to a recalculation of its Medicaid reimbursement rates for the years 1993 through 1996. The plaintiff challenged the defendants' rejection of several issues raised on an administrative appeal following an audit (see, 10 NYCRR 86-2.13). In granting the defendants' motion for summary judgment, the Supreme Court correctly found that the plaintiff raised non-computational challenges to the agency methodology in determining rates (see, Matter of Evergreen Val. Nursing Home v DeBuono, 277 AD2d 569, 570; Matter of Sylcox v Chassin, 227 AD2d 834, 836), which had to have been raised within four months of initial receipt of the rates (see, CPLR 217; Sitrin Nursing Home Co. v McBarnette, 198 AD2d 579; Matter of Sylcox Nursing Home & Health Related Facility v Axelrod, 184 AD2d 986).

We note that since this is a declaratory judgment action, the Supreme Court should have directed the entry of a judgment declaring that the plaintiff is not entitled to a recalculation of its Medicaid reimbursement rates for the years 1993 through 1996, rather than dismiss the complaint (see, Lanza v Wagner, 11 NY2d 317, 334, appeal dismissed 371 US 74, cert denied 371 US 901). O'Brien, J. P., Friedmann, Smith and Cozier, JJ., concur.