■ In the Matter of GLEN ISLAND CARE CENTER, Appellant, v ANTONIA NOVELLO et al., Respondents. [761 NYS2d 511] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Department of Health, dated January 30, 2001, which, after a hearing, affirmed certain audit adjustments made by the New York State Department of Social Services.

Adjudged that the determination is confirmed, with costs, the petition is denied, and the proceeding is dismissed on the merits.

The petitioner is a nursing care facility and is licensed to provide services in the New York State Medicaid (hereinafter

Medicaid) program. Following an audit conducted in 1992 to calculate the petitioner's Medicaid reimbursement rates for March 20, 1988, through December 31, 1988, the Department of Social Services made two adjustments disallowing $14,500 in auditing fees for accounting costs in 1989 and $31,884.15 of an adjusted journal entry. The petitioner requested a hearing and the two adjustments were sustained in a determination issued by the New York State Department of Health (hereinafter the DOH). The petitioner commenced this CPLR article 78 proceeding to review the two adjustments.

Reviewing courts are not entitled to interfere in the exercise of discretion by an administrative agency unless there is no rational basis for such exercise of discretion or the action complained of is arbitrary or capricious (*see Matter of Pell v Board of Educ.*, 34 NY2d 222 [1974]; *see also Arrocha v Board of Educ. of City of N.Y.*, 93 NY2d 361 [1999]).

Here, the $14,500 in additional accounting expenses which the petitioner was seeking was neither timely reported or certified in the petitioner's 1988 Medicaid cost report nor properly accruable in 1988. As such, the DOH was not obligated to consider these costs (*see* 10 NYCRR 86-2.2, 452.3; *Gravette Med. Ctr. v Blue Cross & Blue Shield*, Provider Reimbursement Review Bd. Hearing Dec. No. 85-D83 [July 24, 1985]; *see generally Mercy Hosp. of Watertown v New York State Dept. of Social Servs.*, 79 NY2d 197 [1992]). Accordingly, the DOH determination was supported by substantial evidence, and was not irrational, arbitrary, or capricious. Similarly, the DOH's disallowance of $31,884.15 as duplicative, undocumented, and reclassified costs for the same period was not irrational, arbitrary, or capricious.

The petitioner's remaining contentions are without merit. Ritter, J.P., Smith, Goldstein and H. Miller, JJ., concur.