■ BETH ISRAEL MEDICAL CENTER et al., Appellants, v DEPARTMENT OF HEALTH OF THE STATE OF NEW YORK et al., Respondents, and EXCELLUS HEALTH PLAN, INC., Doing Business as BLUE CROSS AND BLUE SHIELD OF CENTRAL NEW YORK, et al., Intervenors-Respondents. [796 NYS2d 52]—

Judgment, Supreme Court, New York County (Barbara R. Kapnick, J.), entered on or about May 23, 2003, which denied the petition and dismissed the proceeding brought pursuant to CPLR article 78, challenging the rate at which petitioner hospitals were paid under Medicaid according to the statewide case mix for the 1992 through 1994 rate years, unanimously affirmed, without costs.

Supreme Court correctly found the petition time-barred, notwithstanding the duration of some of petitioners' administrative appeals. We note initially that, according to petitioners' pleadings, 59 of petitioner hospitals never filed an administrative appeal, and virtually all of the appeals for the 1992 and 1993 rate years were decided more than four months prior to commencement of this litigation. In any event, Supreme Court properly found that the purported appeals were not valid pursuant to 10 NYCRR 86-1.61 because the errors they asserted in the determinations of allowable case mix increase were not mathematical or clerical in nature (*see Matter of Evergreen Val. Nursing Home v De Buono*, 277 AD2d 569 [2000]; *Matter of Sylcox v Chassin*, 227 AD2d 834, 836 [1996]; *see also* 10 NYCRR

86-1.60). Respondent Department of Health (DOH) did not create an "impression of nonfinality" about the challenged determinations and accordingly is not estopped from arguing that petitioners' article 78 challenges are time-barred (*see Mundy v Nassau County Civ. Serv. Commn.*, 44 NY2d 352, 358 [1978]). We note, in any case, that even if article 78 relief had been timely sought, petitioners' claims would not withstand scrutiny on the merits since petitioners have failed to show that the DOH process of setting case mix adjustments "is so fundamentally flawed as to be arbitrary and capricious" (*see St. Joseph's Hosp. Health Ctr. v Department of Health of State of N.Y.*, 247 AD2d 136, 153 [1998], *lv denied* 93 NY2d 803 [1999]), or is inconsistent with a mandate of the Public Health Law and the attendant regulations (*see McAllan v Marcos*, 262 AD2d 192 [1999], *appeal dismissed* 94 NY2d 791 [1999], *lv dismissed in part and denied in part* 95 NY2d 789 [2000]). Concur—Buckley, P.J., Saxe, Sullivan, Nardelli and Gonzalez, JJ.