■ In the Matter of PINEGROVE MANOR II, LLC, Appellant, v RICHARD F. DAINES et al., Respondents. [875 NYS2d 516]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Health, the petitioner appeals from (1) an order and judgment (one paper) of the Supreme Court, Nassau County (Parga, J.), entered November 9, 2007, which granted the motion of Richard F. Daines and the New York State Department of Health to dismiss the proceeding pursuant to CPLR 3211 (a) (5) and dismissed the proceeding, and (2) an order of the same court entered June 26, 2008, which denied its motion, denominated as one for leave to reargue and/or renew, but which was, in actuality, one for leave to reargue its opposition to the motion to dismiss the proceeding pursuant to CPLR 3211 (a) (5).

Ordered that the order and judgment is affirmed; and it is further,

Ordered that the appeal from the order entered June 26, 2008, is dismissed, as no appeal lies from an order denying reargument; and it further,

Ordered that one bill of costs is awarded to the respondents.

The petitioner, the owner of a skilled nursing facility, commenced this proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Health (hereinafter DOH) that the petitioner was not entitled to the inclusion of funds from a health recruitment and retention award in its Medicaid reimbursement rate. The respondents moved to dismiss the proceeding as time-barred pursuant to

CPLR 3211 (a) (5). The issue is whether the petitioner's challenge is one which is appropriate for an administrative appeal. If so, the statute of limitations for this proceeding would not have begun to run until the determination of the appeal.

The only issues that may be administratively appealed with respect to DOH's Medicaid reimbursement rate, pursuant to 10 NYCRR 86-2.14, are those that involve computational errors or errors in statistical information that have been submitted (*see Matter of Westmount Health Facility v Commissioner of N.Y. State Dept. of Health*, 205 AD2d 991, 993 [1994]). Issues regarding the methodology used by DOH in determining the reimbursement rate are not computational errors (*see Matter of Jewish Home & Infirmary of Rochester v Commissioner of N.Y. State Dept. of Health*, 190 AD2d 197, 199 [1993], *affd* 84 NY2d 252 [1994]). If the issue is not appealable administratively, the time to commence a proceeding pursuant to CPLR article 78 begins to run upon receipt of the initial rate computation sheet, which is DOH's final determination (*see Matter of Westmount Health Facility v Commissioner of N.Y. State Dept. of Health*, 205 AD2d 991 [1994]). The inclusion of an improper issue in an administrative appeal does not revive an expired statute of limitations (*see Matter of Jewish Home & Infirmary of Rochester v Commissioner of N.Y. State Dept. of Health*, 190 AD2d at 199).

Here, the petitioner's challenge is not one which alleges a computational error or an error in submission of fiscal statistical information (*see* 10 NYCRR 86-2.13 [a]; 86-2.14 [a] [3]). The issue challenged was not proper for an administrative appeal and, therefore, the time for the commencement of this proceeding began to run on January 9, 2006, when the petitioner received notice of DOH's determination (*see Matter of Katherine Luther Nursing Home v DeBuono*, 272 AD2d 973, 974 [2000]). Accordingly, since this proceeding was not commenced within the applicable statute of limitations, the Supreme Court properly granted the motion to dismiss.

The petitioner's remaining contentions are without merit. Rivera, J.P., Dillon, Leventhal and Chambers, JJ., concur.