■ In the Matter of NEW FRANKLIN CENTER FOR REHABILITATION & NURSING, Appellant, v ANTONIA C. NOVELLO, as Commissioner of Health, et al., Respondents. (Proceeding No. 1.) In the Matter of BAYVIEW NURSING AND REHABILITATION CENTER, LLC, et al., Appellants, v RICHARD F. DAINES, as Commissioner of Health, et al., Respondents. (Proceeding No. 2.) [883 NYS2d 398]—

Mercure, J.P. Appeals from a judgment of the Supreme Court (Connolly, J.), entered July 5, 2008 in Albany County, which dismissed petitioners' applications, in two proceedings pursuant to CPLR article 78, to review six determinations of respondent Commissioner of Health revising petitioners' Medicaid reimbursement rates.

Petitioners in these two CPLR article 78 proceedings are six private residential health care facilities that receive Medicaid reimbursement. They challenge determinations of respondent Commissioner of Health finding them ineligible to receive adjustments to their Medicaid reimbursement rates under Public Health Law § 2808 (18) for the purpose of recruitment and retention of nonsupervisory health care workers.

After undergoing changes in ownership in 2002 and 2003, petitioners entered into a business arrangement with Budget Services, Inc., pursuant to which they leased all nursing personnel working in their facilities. The purpose of this relationship was to lower the facilities' premiums for workers' compensation, health and unemployment insurance. Petitioners submitted new base period cost reports that reflected this leasing arrangement with Budget, characterizing their nursing personnel expenses as "fees" and "purchased and contracted services," rather than direct salary or wage expenses. As a result, between September 2004 and February 2006, the Commissioner advised each petitioner that all health recruitment and retention award money was eliminated from their reimbursement rates. Petitioners thereafter pursued administrative appeals and, in June 2005,

petitioner New Franklin Center for Rehabilitation & Nursing commenced the first of these proceedings challenging the Commissioner's "irrational reimbursement methodology," and seeking to set aside the Commissioner's determination as arbitrary and capricious. In April 2007, the remaining petitioners (hereinafter the Bayview petitioners) commenced proceeding No. 2 asserting an identical challenge.

Following joinder of issue and an objection by respondents that the Bayview petitioners' application was untimely, Supreme Court dismissed proceeding No. 2 as barred by the applicable statute of limitations. In addition, the court dismissed proceeding No. 1 upon finding that the Commissioner's determination to deny recruitment and retention reimbursement was entirely consistent with the express language of the statute. Petitioners appeal, and we now affirm.

Initially, we reject the Bayview petitioners' assertion that Supreme Court improperly dismissed their petition as barred by the applicable statute of limitations. Inasmuch as petitioners' challenge implicates the methodology employed to calculate their entitlement to health recruitment and reimbursement funds—as opposed to computational errors—these two proceedings were required to be commenced within four months after the 120-day period following receipt of their initial rate computation sheets (*see* 10 NYCRR 86-2.13 [a]; *Matter of Pinegrove Manor II, LLC v Daines,* 60 AD3d 767, 768 [2009]; *Matter of St. Margaret's Ctr. v Novello,* 23 AD3d 817, 818 [2005]; *Matter of Evergreen Val. Nursing Home v DeBuono,* 277 AD2d 569, 570 [2000]). Furthermore, "[t]he inclusion of an improper issue," such as a challenge to methodology, "in an administrative appeal does not revive an expired statute of limitations" (*Matter of Pinegrove Manor II, LLC v Daines,* 60 AD3d at 768; *see Matter of Sylcox v Chassin,* 227 AD2d 834, 836 [1996]; *Concourse Nursing Home v Perales,* 219 AD2d 451, 453-454 [1995], *lv denied* 87 NY2d 812 [1996], *cert denied* 519 US 863 [1996]). Contrary to the Bayview petitioners' argument, the Commissioner's actions in assigning the administrative appeals a control number, failing to issue standard rejection letters and engaging in discussion on the issue did not inject uncertainty regarding the finality of the Commissioner's determinations such that estoppel or tolling of the statute of limitations is appropriate here (*see Beth Israel Med. Ctr. v Department of Health of State of N.Y.,* 18 AD3d 367, 367-368 [2005], *lv denied* 6 NY3d 704 [2006]; *see generally Matter of New York State Med. Transporters Assn. v Perales,* 77 NY2d 126, 130 [1990]). Rather, between September 2004 and February 2006, the Bayview petitioners

received the Commissioner's determinations advising them both of the elimination of funding and that challenges to "Medicaid rate methodology cannot be appealed administratively." Therefore, proceeding No. 2, which was commenced in April 2007, was untimely.

Turning to the merits, which are before us in the timely commenced proceeding No. 1, we note that the Commissioner "is entitled to a 'high degree of judicial deference, especially when . . . act[ing] in the area of [her] particular expertise,' and thus petitioner[ ] bear[s] the 'heavy burden of showing' that [the agency's] rate-setting methodology 'is unreasonable and unsupported by any evidence' " (*Matter of Nazareth Home of the Franciscan Sisters v Novello*, 7 NY3d 538, 544 [2006], quoting *Matter of Consolation Nursing Home v Commissioner of N.Y. State Dept. of Health*, 85 NY2d 326, 331-332 [1995]; *see Matter of Society of N.Y. Hosp. v Axelrod*, 70 NY2d 467, 473 [1987]). The purpose of the provision at issue here, Public Health Law § 2808 (18), is to "increase health care access and improve quality by providing funding for . . . nursing homes . . . to improve their ability to recruit and retain qualified workers" (Senate Mem in Support of L 2002, ch 1, 2002 McKinney's Session Laws of NY, at 1635). That funding is to be provided "pursuant to a methodology as specified in the statute" (*id*. at 1636) and, indeed, section 2808 (18) provides a specific formula for calculating recruitment and retention adjustments. Specifically, the adjustments are based upon a facility's "total gross salary and fringe benefit costs" as reported "on exhibit H of [its] . . . cost report" (Public Health Law § 2808 [18] [a] [ii]; [c] [i]).

Here, New Franklin Center, like the Bayview petitioners, leased its health care workers from Budget and, as a result, reported no gross salary or fringe benefit costs for those workers on exhibit H of its cost report. Hence, the Commissioner determined, in conformity with the express language of the statute, that New Franklin Center was not eligible for recruitment and retention funds. As explained by the Commissioner, the funds provided by the statute are to be used solely for the purpose of recruiting and retaining nonsupervisory health care workers, and the Commissioner is authorized to audit facilities to ensure compliance with this requirement (*see* Public Health Law § 2808 [18] [d]). An interpretation of the statute as permitting the use of an unrelated company to provide these services would frustrate the Commissioner's ability to ensure that the funds are used for their intended purposes. Therefore, while new Franklin Center may be correct that the statute is remedial in nature, "[t]he issue here is [solely] . . . whether those

who provide certain services to Medicaid recipients should be permitted to circumvent legislative measures that help to insure against fraud on the public" (*Matter of New York State Med. Transporters Assn. v Perales*, 77 NY2d at 132). Thus, given the express statutory language and according the Commissioner's interpretation the deference that is due, we cannot say that the Commissioner acted irrationally or arbitrarily and capriciously in setting New Franklin Center's Medicaid reimbursement rate (*see Matter of Nazareth Home of the Franciscan Sisters v Novello*, 7 NY3d at 544-545; *Matter of St. Margaret's Ctr. v Novello*, 23 AD3d at 819).

We have considered New Franklin Center's remaining claims and conclude that they are lacking in merit.

Peters, Malone Jr., Stein and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.