■ In the Matter of St. Ann's Home for the Aged et al., Respondents-Appellants, v Richard F. Daines, M.D., Commissioner of Health, State of New York, Appellant-Respondent. [888 NYS2d 698]—

Appeal and cross appeal from a judgment of the Supreme Court, Monroe County (Harold L. Galloway, J.), entered October 29, 2008 in consolidated proceedings pursuant to CPLR article 78. The judgment, among other things, granted in part the petitions.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law without costs, the motion is granted in its entirety and the petitions are dismissed in their entirety.

Memorandum: Respondent appeals from a judgment determining that the methodology used by the New York State Department of Health (DOH) to calculate the Medicare Part D carve-out in its Medicaid reimbursement rates to petitioners prior to September 1, 2007 was arbitrary and lacked a rational basis. Supreme Court previously had granted respondent's motion to dismiss the petitions as time-barred with the exception of those petitioners "who filed administrative rate appeals on or before March 15, 2006 or March 15, 2007." We conclude that the petitions must be dismissed in their entirety as time-barred. All petitioners, including those who did not file administrative appeals, merely challenged the methodology used by DOH in determining Medicaid reimbursement rates. They did not allege that DOH made computational errors or errors in the submission of fiscal or statistical information (*see* 10 NYCRR 86-2.13 [a]; 86-2.14 [a] [3]). Thus, their challenges were not subject to administrative rate appeals (*see Matter of Pinegrove Manor II, LLC v Daines*, 60 AD3d 767, 768 [2009]). "If the issue is not appealable administratively, the time to commence a proceeding pursuant to CPLR article 78 [to review such an issue] begins to run upon receipt of the initial rate computation sheet, which is DOH's final determination" (*id.*; *see Matter of Westmount Health Facility v Commissioner of N.Y. State Dept. of Health*, 205 AD2d 991, 993 [1994]).

The filing of administrative rate appeals by the remaining petitioners whose petitions were not previously dismissed therefore did not toll the statute of limitations (*see Pinegrove Manor II, LLC*, 60 AD3d at 768), and the court thus erred in denying respondent's motion to dismiss the petitions with respect to all petitioners. The petitioners whose petitions previously were dismissed were notified of their reimbursement rates for the 2006 and 2007 fiscal years on October 31, 2005 and October 31, 2006, but their petitions were not filed until after September 1, 2007. The petitioners who filed administrative appeals received notice of their 2006 and 2007 reimbursement

rates in November 2005 and November 2006, and their petitions were not filed until October and November of 2007. Thus, all petitions were filed well beyond the four-month statute of limitations (*see* CPLR 217; *Pinegrove Manor II, LLC*, 60 AD3d at 768). Present—Martoche, J.P., Smith, Peradotto, Carni and Green, JJ.