■ In the Matter of PINEGROVE MANOR II, LLC, Respondent, v RICHARD F. DAINES et al., Appellants. [902 NYS2d 566]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Health dated June 10, 2008, setting the petitioner's Medicaid reimbursement rates, Richard F. Daines, as Commissioner of Health of the State of New York, and the New York State Department of Health appeal from a judgment of the Supreme Court, Nassau County (Diamond, J.), dated February 23, 2009, which granted the petition, in effect, vacated the determination, and directed the New York State Department of Health to recalculate the petitioner's Medicaid reimbursement rate for the period from July 1, 2007, through March 31, 2008, as it pertains to workforce recruitment and retention.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, the determination is confirmed, and the proceeding is dismissed on the merits.

The petitioner is the owner and operator of a skilled nursing home and certified Medicaid service provider. Following an audit conducted to calculate the petitioner's Medicaid reimbursement rates for July 1, 2007, through March 31, 2008, the New York State Department of Health (hereinafter the DOH) made an

adjustment in which it denied, in accordance with Public Health Law § 2808, the consideration of certain salary/fringe benefit expenditures declared by the petitioner for contractual services in the calculation of its reimbursement rates. The petitioner commenced this CPLR article 78 proceeding to review the DOH's determination. The Supreme Court granted the petition, in effect, vacated the determination, and directed the DOH to recalculate the petitioner's Medicaid reimbursement rate for the period from July 1, 2007, through March 31, 2008, as it pertains to workforce recruitment and retention. We reverse.

"Reviewing courts are not entitled to interfere in the exercise of discretion by an administrative agency unless there is no rational basis for such exercise of discretion or the action complained of is arbitrary or capricious" (*Matter of Glen Is. Care Ctr. v Novello*, 306 AD2d 477, 478 [2003]). Moreover, the "DOH is entitled to a 'high degree of judicial deference, especially when . . . act[ing] in the area of its particular expertise,' and thus petitioners bear the 'heavy burden of showing' that DOH's rate-setting methodology 'is unreasonable and unsupported by any evidence' " (*Matter of Nazareth Home of the Franciscan Sisters v Novello*, 7 NY3d 538, 544 [2006], quoting *Matter of Consolation Nursing Home v Commissioner of N.Y. State Dept. of Health*, 85 NY2d 326, 331-332 [1995]).

The statute at issue in this case, Public Health Law § 2808, was enacted to "increase health care access and improve quality by providing funding for . . . nursing homes . . . to improve their ability to recruit and retain qualified workers" (Senate Mem in Support of L 2002, ch 1, 2002 McKinney's Session Laws of NY, at 1635). That funding is to be provided "pursuant to a methodology as specified in statute" (*id.* at 1636). Specifically, the calculation of recruitment and retention adjustments is based upon a facility's "total gross salary and fringe benefit costs" as reported "on exhibit H of [its] cost report" (Public Health Law § 2808 [18] [a] [ii]; [c] [i]).

Here, the petitioner had contracted with a third-party to provide health care workers and, as a result, reported no gross salary or fringe benefit costs for those workers on exhibit H of its cost report. The DOH thus determined, in conformity with the language of Public Health Law § 2808, that the petitioner was not eligible for recruitment and retention funds. To permit the petitioner to bypass the specific language of the statute would be to frustrate its express purposes (*see Matter of New Franklin Ctr. for Rehabilitation & Nursing v Novello*, 64 AD3d 1132, 1135 [2009]; *and see Matter of Caspian Realty, Inc. v Zoning Bd. of Appeals of Town of Greenburgh*, 68 AD3d 62, 71

[2009] ["where a law expressly describes a particular act, thing or person, an irrefutable inference must be drawn that what is omitted or not included was intended by the Legislature to be omitted or excluded"]). Accordingly, the DOH's determination was not arbitrary and capricious, and the petition should have been denied.

The petitioner's remaining contentions are without merit. Mastro, J.P., Dickerson, Belen and Chambers, JJ., concur.