*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 29, 2016                    523077
_____

In the Matter of UNITED
    HELPERS CANTON NURSING
    HOME, INC., Doing Business
    as MAPLEWOOD HEALTH CARE
    AND REHABILITATION CENTER,                  MEMORANDUM AND ORDER

                    Respondent,

        v

HOWARD ZUCKER, as Commissioner
    of Health, et al.,
                    Appellants.
_____

Calendar Date:  November 16, 2016

Before:  Egan Jr., J.P., Lynch, Rose, Clark and Aarons, JJ.

_____

        Eric T. Schneiderman, Attorney General, Albany (Victor
Paladino of counsel), for appellants.

        Bond, Schoeneck & King, PLLC, Rochester (John F. Darling of
counsel), for respondent.

_____

Egan Jr., J.P.

        Appeal from a judgment of the Supreme Court (Demarest, J.),
entered July 31, 2015 in St. Lawrence County, which, among other
things, in a combined proceeding pursuant to CPLR article 78 and
action for declaratory judgment, enjoined respondents from
retrospectively revising petitioner's 2013 Medicaid reimbursement
rate.

Petitioner is a nonprofit charitable corporation that formerly operated a 160-bed residential health facility in the Town of Canton, St. Lawrence County as an enrolled provider in the state's Medicaid program.  In 2006, petitioner applied to the Department of Health (hereinafter the Department) for approval to decertify certain of its skilled nursing facility beds and to construct a new facility.  Approval for construction was granted in September 2008, and petitioner began occupying the new facility (with 96 beds) in January 2010.  At some point in 2011, petitioner sold its former facility to the local Board of Cooperative Educational Services for $1.65 million and reported the sale to the Department – touching off a dispute as to the Department's efforts to reduce the capital component of petitioner's Medicaid reimbursement rate to offset the gain that petitioner realized from the sale of its old building against the interest expense it incurred on its new building.

In December 2014, the Department issued a determination imposing the contested offset, thereby retrospectively lowering petitioner's 2013 Medicaid rate, which, in turn, resulted in an overpayment that the Department sought to recoup.  Petitioner objected to the revised rate and impending recoupment and requested, among other things, the opportunity for what the parties denominated as a second-stage rate appeal.  Rather than pursuing such an appeal, however, petitioner commenced this combined CPLR article 78 proceeding and action for declaratory judgment seeking, among other things, to preliminarily enjoin respondents from revising petitioner's 2013 Medicaid rate and recouping the alleged overpayment pending further administrative proceedings.  Respondents moved to dismiss, contending that petitioner had failed to exhaust its administrative remedies.  Supreme Court rejected respondents' exhaustion defense and enjoined respondents from revising petitioner's 2013 Medicaid rate and recouping any alleged overpayment until such time as petitioner was "afforded its rights to notice and an opportunity to be heard" under certain departmental regulations.  This appeal by respondents ensued.

Although the parties initially debated (and briefed) which administrative review process applied to the offset dispute, i.e., the "rate appeal process" set forth in 10 NYCRR 86-2.13 and

86-2.14 or the "audit process" set forth in 18 NYCRR parts 517, 518 and 519, this dispute has been rendered academic by the parties' subsequent and mutual concession — as reflected in their respective briefs and at oral argument — that petitioner's challenge to the propriety of and manner in which the Department imposed the offset is a challenge to the rate-setting methodology itself.  In this regard, the case law makes clear — and the parties again readily acknowledge[1] — that "a challenge to the methodology is properly considered by way of CPLR article 78 review" (Matter of Amsterdam Nursing Home Corp. [1992] v Daines, 68 AD3d 1591, 1591-1592 [2009]; see generally Matter of New Franklin Ctr. for Rehabilitation & Nursing v Novello, 64 AD3d 1132, 1134 [2009], lvs denied 13 NY3d 715, 716 [2010]).  Stated another way, a challenge to the methodology used by the Department in computing Medicaid reimbursement rates is "not subject to [an] administrative rate appeal[]" (Matter of St. Ann's Home for the Aged v Daines, 67 AD3d 1326, 1327 [2009], lv denied 14 NY3d 710 [2010]; see Matter of Pinegrove Manor II, LLC v Daines, 60 AD3d 767, 768 [2009], lv denied 14 NY3d 713 [2010]).  Hence, the merits of petitioner's claim requires resolution by Supreme Court in the first instance and, inasmuch as the parties agreed at oral argument that further development of the record is necessary before such a resolution may be reached, this matter is remitted to Supreme Court for that purpose.

Lynch, Rose, Clark and Aarons, JJ., concur.

_____

[1]  Although the parties briefed the merits of their competing arguments relative to the administrative rate appeal and audit review processes, petitioner conceded in its brief "that further appeal proceedings in either administrative venue would be futile" and that remittal to Supreme Court "for a decision on the merits of [petitioner's] challenge would be appropriate."  Similarly, respondents acknowledge that "Supreme Court should have decided the merits of the offset claim in this proceeding" and, further, that this matter must be remitted "for further proceedings, including the opportunity for the parties to submit affidavits and other materials specifically addressing the rationality of the offset under the rate-setting regulations."

ORDERED that the judgment is modified, on the law, without costs, by reversing so much thereof as directed respondents to provide petitioner with notice and an opportunity to be heard in the context of further administrative proceedings; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court