Matter of Williamsville Suburban, LLC v New York State Dept. of Health (2019 NY Slip Op 07819)





Matter of Williamsville Suburban, LLC v New York State Dept. of Health


2019 NY Slip Op 07819


Decided on October 31, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 31, 2019

527338

[*1]In the Matter of Williamsville Suburban, LLC, et al., Appellants,
v
New York State Department of Health et al., Respondents.

Calendar Date: September 11, 2019

Before: Egan Jr., J.P., Lynch, Mulvey and Devine, JJ.


Hodgson Russ LLP, Albany (Jane Bello Burke of counsel), for appellants.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondents.



Lynch, J.
Appeal from a judgment of the Supreme Court (McNally Jr., J.), entered February 26, 2018 in Albany County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, dismissed the petition/complaint.
Petitioners operate residential health care facilities entitled to reimbursement for services provided to eligible Medicaid recipients. Respondent Department of Health (hereinafter DOH) is responsible for determining Medicaid reimbursement rates, which are comprised of four components, including capital costs (see Public Health Law § 2807 [7]; 10 NYCRR 86-2.10 [a] [6]; [b] [1] [g]). The reimbursement rates are based on annual cost reports that facilities are required to submit to DOH within 120 days following the close of a fiscal year. Petitioners failed to timely file cost reports for the years 2008, 2009 and 2010, and, thus, when calculating the corresponding reimbursement rates for the years 2010, 2011 and 2012, DOH set the capital cost component at zero. DOH first provided notice of the 2010 rates in a January 2010 letter, which, as pertinent here, explained that, "[f]or facilities that have not submitted a properly filed cost report, the capital component of their rate is zero." The letter further explained that, "[i]f an acceptable cost report . . . is received no later than 120 days from the date of this letter, the capital component will be updated . . . and will be incorporated when the 2010 rates are published." Thereafter, petitioners received the initial rate computation sheets for the years 2010, 2011 and 2012 dated December 28, 2010, September 8, 2011 and May 30, 2012, respectively.[FN1] Petitioners did not file any rate appeals within the 120-day period following the receipt of the rate sheets for each year (see 10 NYCRR 86-2.13 [a]).
On April 11, 2013, petitioners filed their cost reports for 2008, 2009 and 2010 and requested a revision of the reimbursement rates to account for the capital costs included in the reports. In January 2016, DOH declined petitioners' request. In April 2016, respondent Office of the Medicaid Inspector General further declined petitioners' request for an audit. In August 2016, petitioners commenced this hybrid CPLR article 78 proceeding and action for a declaratory judgment seeking to direct DOH to recalculate their 2010, 2011 and 2012 reimbursement rates utilizing the cost reports submitted in 2013. Finding that petitioners failed to exhaust their administrative remedies and that the proceeding was also time-barred by the applicable four-month statute of limitations, Supreme Court dismissed the petition/complaint. Petitioners appeal.
We affirm. Even accepting, arguendo, that petitioners' challenge pertained to the methodology utilized by DOH and not to a computational error subject to an administrative rate appeal (see 10 NYCRR 86-2.13 [a]; Matter of United Helpers Canton Nursing Home, Inc. v Zucker, 145 AD3d 1413, 1414 [2016]), we agree with Supreme Court that the proceeding/action is time-barred. There is no dispute that the governing statute of limitations is four months — the dispute centers on when that time period began to run. In our view, petitioners were required to commence a proceeding following receipt — each year — of DOH's initial rate computation sheet (see Matter of St. Ann's Home for the Aged v Daines, 67 AD3d 1326, 1327 [2009], lv denied 14 NY3d 710 [2010]; Matter of Pinegrove Manor II, LLC v Daines, 60 AD3d 767, 768 [2009], lv denied 14 NY3d 713 [2010]). We find petitioners' assertion that DOH created an ambiguity as to the finality of the initial rate computation sheets unavailing.
Egan Jr., J.P., Mulvey and Devine, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: We take note of respondents' explanation that these dates represent internal approval dates and that the rate sheets were provided to petitioners on June 20, 2011, November 9, 2011 and July 11, 2012.